1   John D. Alessio (Bar No. 174900)
    Barry F. Soalt (Bar No. 171651)
2   PROCOPIO, CORY, HARGREAVES &
        SAVITCH LLP
3   525 B Street, Suite 2200
    San Diego, California  92101
4   Telephone: 619.238.1900
    Facsimile: 619.235.0398
5
    Attorneys for Plaintiffs,
6   APPLIED PROFESSIONAL TRAINING, INC.

7

8                UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

2010 JUN 29  PM 3: 41

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

'10 CV 1 3 7 2 DMS    POR

10  APPLIED PROFESSIONAL TRAINING,     Case No.: _____
    INC., a California corporation,
11                                     **COMPLAINT   FOR   DAMAGES
                Plaintiff,             AND INJUNCTIVE RELIEF**
12
            vs.                        1) **COPYRIGHT INFRINGEMENT**
13                                     2) **MISAPPROPRIATION OF
    MIRA COSTA COLLEGE, entity unknown,   TRADE SECRETS**
14  TELESKILLS, LLC, dba AMERI-SKILLS, a  3) **CONVERSION**
    California Corporation, BURT PRICE, an  4) **BREACH OF CONTRACT**
15  individual, THOMAS CAWLEY, an      5) **UNFAIR COMPETITION**
    individual, XAVIER URIBE, an individual,  6) **BREACH OF
16  MARA GLENN, an individual, JANIS      CONFIDENCE/LOYALTY**
    AYDELOTT, an individual, and DOES 1  7) **CONSPIRACY**
17  through 50, inclusive,
18              Defendants.
19
20
21                                     **JURY TRIAL DEMANDED**
22
23
24
25
26
27
28

---

Complaint for Damages and Injunctive Relief



117153/000003/1219317.13

1      Plaintiff APPLIED PROFESSIONAL TRAINING, INC. alleges as follows:

2

## JURISDICTION

3      1.    Federal jurisdiction is conferred on this Court because this action arises in

4 part under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* Accordingly, this Court

5 has jurisdiction of this civil action under and by virtue of 28 U.S.C. §§ 1331, 1338(a), and

6 1338(b). This Court has supplemental and pendant jurisdiction over the state law claims

7 pursuant to 18 U.S.C. §§ 1138 and 1367.

8

## VENUE

9      2.    Venue in this action properly lies in the Southern District of California

10 under 28 U.S.C. §§ 1391(b) & (c) as at least one Defendant resides in the Southern

11 District and all Defendants reside in California; a substantial part of the events or

12 omissions giving rise to the claim occurred in this District and Defendants are subject to

13 personal jurisdiction in this District by virtue of their contacts. Venue also properly lies

14 within this judicial district under 28 U.S.C. § 1400(a).

15

## THE PARTIES

16     3.    Plaintiff APPLIED PROFESSIONAL TRAINING, INC. (APT) is a

17 California corporation with a principal place of business in Carlsbad, California.

18     4.    Defendant MARA GLENN (GLENN) is an individual who plaintiff is

19 informed and believes currently resides in Monrovia, California.

20     5.    Defendant JANIS AYDELOTT (AYDELOTT) is an individual who

21 plaintiff is informed and believes currently resides in Nevada City, California.

22     6.    GLENN and AYDELOTT shall be collectively referred to as the

23 DEFENDANT EMPLOYEES

24     7.    Defendant TELESKILLS, LLC, dba Ameri-Skills. (AMERI-SKILLS) is a

25 California corporation with a principal place of business in Los Angeles, California.

26     8.    Defendant BURT PRICE (PRICE) is an individual who plaintiff is informed

27 and believes currently resides in Oceanside, California.

28     9.    THOMAS CAWLEY (CAWLEY) is an individual who plaintiff is

Complaint for Damages and Injunctive Relief

117153/000003/1219317.13

1    informed and believes currently resides in Ramona, California.

2         10.    XAVIER URIBE (URIBE) is an individual who plaintiff is informed and

3    believes currently resides in Long Beach, California.

4         11.    PRICE, CAWLEY and URIBE shall be collectively referred to as

5    AMERI-SKILLS OWNERS.  Plaintiff is informed and believes that AMERI-SKILLS is a

6    business run closely and exclusively by the AMERI-SKILLS OWNERS whom are all

7    actively involved in the day to day operations of the company.  The AMERI-SKILLS

8    OWNERS encouraged, directed, approved and/or ratified any and all conduct of its

9    officers, directors, employees, agents and contractors as alleged herein.

10         12.    Defendant MIRA COSTA COLLEGE (MIRA COSTA), entity unknown,

11    maintains a principal place of business in Oceanside, California.

12         13.    Defendants, DEFENDANT EMPLOYEES, AMERI-SKILLS,

13    AMERI-SKILLS OWNERS and MIRA COSTA may hereinafter be referred to

14    collectively as DEFENDANTS.

15         14.    Defendants DOES 1 through 50, inclusive, are sued under fictitious names.

16    Their true names and capacities are unknown to plaintiff.  When their true names and

17    capacities are ascertained, plaintiff will amend this complaint by inserting their true

18    names and capacities herein.  Plaintiff is informed and believes and thereon alleges that

19    each of the fictitiously named defendants is responsible in some manner for the

20    occurrences alleged in this complaint, and that plaintiff's damages, as alleged in this

21    complaint were proximately caused by such Defendants.

22         15.    Plaintiff is informed and believes and thereon alleges that at all times

23    mentioned in this complaint, each of the defendants was the agent of each of the

24    remaining defendants, and in doing the things hereinafter alleged, acting within the course

25    and scope of such agency and with the permission and consent of the codefendants.

26                              **GENERAL ALLEGATIONS**

27         16.    APT is a company engaged in educational and technical training for the

28    communications and electric power industries, among other areas.

1    17.   GLENN was employed as a sales representative for APT from March 25,

2    2008 to December 28, 2009.  At the time of hiring, GLENN executed and agreed to an

3    Employee Confidentiality Agreement wherein she acknowledged that she will be privy to

4    proprietary information which included trade secrets, student and instructor information,

5    as well as other confidential information and that she would not take, use or divulge such

6    information in any way to competitors.  Attached as Exhibit "A" is a true and correct

7    copy of the GLENN Confidentiality Agreement which is incorporated herein by

8    reference.

9    18.   Upon departure from APT, on January 4, 2010, GLENN executed a

10   Severance and Release Agreement wherein GLENN agreed that she was privy to

11   confidential information while employed and by virtue of her employment with APT.

12   She acknowledged her continuing obligations to APT under the California Uniform Trade

13   Secrets Act and further agreed to maintain the confidentiality of all trade secret,

14   confidential and proprietary information.  Attached as Exhibit "B" is a true and correct of

15   the Severance and Release Agreement, which is incorporated herein by reference.

16   19.   AYDELOTT was employed as a sales and marketing representative for

17   APT from April 7, 2008 to April 2, 2010.  At the time of hiring, AYDELOTT executed

18   and agreed to an Employee Confidentiality Agreement wherein she acknowledged that

19   she will be privy to proprietary information which included trade secrets, student and

20   instructor information, as well as other confidential information and that she would not

21   take, use or divulge such information in any way to competitors.  Attached as Exhibit "C"

22   is a true and correct copy of the AYDELOTT Confidentiality Agreement which is

23   incorporated herein by reference.

24   20.   AMERI-SKILLS, including AMERI-SKILLS OWNERS, engaged in a

25   campaign of unfair and illegal business practices against APT through direct and indirect

26   solicitation of APT's employees and contractors with the intent and purpose of

27   misappropriating APT's confidential, proprietary and trade secret information.

28   AMERI-SKILLS further appropriated, copied and used APT's course and reference

Complaint for Damages and Injunctive Relief

1   books and materials owned, created and compiled by APT in violation of APT's

2   copyright rights.  AMERI-SKILLS and AMERI-SKILLS OWNERS contacted numerous

3   employees and contractors of APT and ultimately hired some of them for the sole purpose

4   of misappropriating confidential information, usurping its business contacts, diverting

5   classes and instructors and perpetuating copyright infringement by duplicating APT's

6   course materials and claiming them as their own.  The persons AMERI-SKILLS and

7   AMERI-SKILLS OWNERS used to accomplish this illegal course of conduct that

8   continues to the present are AYDELOTT, GLENN and other former employees and

9   contractors of APT.  At all times alleged herein, the AMERI-SKILLS OWNERS, knew or

10  had reason to know that knowledge of the trade secret, confidential and proprietary

11  information was derived from or through persons who improperly acquired the

12  knowledge and/or owed a duty to plaintiff to maintain its secrecy.

13              **FIRST CLAIM FOR RELIEF**

14      *[Copyright Infringement Against MIRA COSTA, AMERI-SKILLS,*

15              *PRICE, CAWLEY, URIBE,]*

16      21.    Plaintiff incorporates all allegations above and below into this claim for

17  relief.

18      22.    APT has complied in all respects with the copyright laws of the United

19  States of America, Title 17 U.S.C. §§ 101, *et seq*.  APT has secured the exclusive rights

20  and privileges to the copyrights in the three textual works comprising course materials,

21  entitled, "Entry Level Photovoltaic Solar Systems Installer", "Entry Level Photovoltaic

22  Solar Systems Installer" (Revised), and "Photovoltaics for Telecommunications"

23  (hereinafter collectively referred to as the "Registered Works") by properly registering the

24  same with the United States Copyright Office ("Copyright Office").  APT has certificates

25  of registration from the Copyright Office for all of the Registered Works at issue in this

26  action.   On May 21, 2010, the Copyright Office duly and lawfully issued three

27  Certificates of Copyright Registration to APT.  The Copyright Office issued Registration

28  No. TX 7-159-599 EDR to APT's course materials entitled "Entry Level Photovoltaic

---

Complaint for Damages and Injunctive Relief

117153/000003/1219317.13

1   Solar Systems Installer". The Copyright Office issued Registration No. TX 7-159-609

2   EDR to APT's textual course materials entitled "Entry Level Photovoltaic Solar Systems

3   Installer" (Revised). The Copyright Office issued Registration No. TX 7-159-603 EDR to

4   APT's textual course materials entitled Photovoltaics for Telecommunications. Attached

5   as Exhibit "D" are true and correct copies of the Certificates of Registration from the

6   United States Copyright Office.

7       23.   APT currently is, and at all times herein mentioned was, the sole owner of

8   all right, title, and interest in and to the copyright in the Registered Works. APT has

9   produced and distributed the Registered Works in conformity with the provisions of the

10   Copyright Act of 1976 and all other laws governing copyright.

11       24.   APT reviewed the reference and course materials DEFENDANTS are using

12   to teach their courses, and based thereon, alleges DEFENDANTS have copied, distributed

13   and infringed and continue to infringe upon APT's Registered Works (these

14   infringements are hereinafter referred to as "Infringing Reference Materials") APT has

15   properly secured exclusive rights and privileges in these Infringing Reference Materials.

16       25.   DEFENDANT, AMERI-SKILLS and its officers, directors, agents,

17   contractors and employees had access to the Registered Works through numerous sources,

18   including APT's former employees and contractors. DEFENDANT AMERI-SKILLS

19   entered into an arrangement with MIRA COSTA to quickly and aggressively broaden the

20   reach of the unlawful use, copying and publication of the Infringing Reference Materials

21   through their classes offered on and off of their campuses. Indeed, MIRA COSTA falsely

22   claims to have copyrights to at least one of the Infringing Reference Materials.

23       26.   On information and belief, APT alleges that DEFENDANTS, AMERI-

24   SKILLS, AMERI-SKILLS OWNERS and MIRA COSTA copied, published and

25   distributed the Infringing Reference Materials, which are being used locally, regionally

26   and nationally throughout campuses, class rooms and teaching facilities as well as

27   electronically worldwide. APT is informed and believes, and based thereon alleges, that

28   DEFENDANTS have created, distributed, facilitated, promoted, and/or reproduced illegal

Complaint for Damages and Injunctive Relief

117153/000003/1219317.13

1    and unauthorized copies of APT's Registered Works.   DEFENDANTS' Infringing

2    Reference Materials are copied directly from APT's Registered Works with minor

3    modification, even to the extent of copying grammatical and punctuation errors in the

4    exact same places.

5        27.   APT made multiple attempts to contact DEFENDANTS in an effort to

6    demand that DEFENDANTS cease and desist from infringing upon APT's Registered

7    Works.   APT mailed cease and desist letters to DEFENDANTS, AMERI-SKILLS and

8    AMERI-SKILLS OWNERS; however, the letters were rebuffed.

9        28.   On information and belief, APT alleges that DEFENDANTS knowingly and

10   willfully copied certain compilations of text, drawings, images, logos, and/or pictures

11   comprising APT's Registered Works in direct violation of the Copyright Act of 1976, 17

12   U.S.C. § 101, *et seq.*

13       29.   APT is further informed and believes, and based thereon alleges, that

14   DEFENDANTS copied the Registered Works and prepared derivative works thereof for

15   the specific purposes of infringing upon APT's copyrights and for benefiting both

16   financially and professionally from their illegal and unauthorized use of the Registered

17   Works in offering a competing course curriculum and the textual materials underlying the

18   course offering.   The Infringing Reference Materials are confusingly similar to the APT

19   registered works.

20       30.   DEFENDANTS have engaged in these actions in a manner calculated to

21   deceive its own students, customers, businesses, APT, APT's customers, students,

22   affiliate businesses and members of the general public.   The natural, probable and

23   foreseeable result of DEFENDANTS' wrongful conduct has been to deprive APT of the

24   benefits of offering its Registered Works and licenses to utilize the same with only its

25   students, customers, clients, businesses and affiliates and only in accordance with rules

26   promulgated by APT.   APT has also suffered a loss of profits, goodwill and reputational

27   damage.   DEFENDANTS' conduct has created a likelihood of confusion between

28   courses, materials and services approved and provided by APT and DEFENDANTS'

117153/000003/1219317.13

courses, materials and services, which have not been approved by APT and certifying agencies of APT. Further, DEFENDANTS have injured APT's relationships with former, current, and prospective customers, students, instructors and/or affiliated businesses by undermining the valuable assurances of a professional, applicable and informative teacher-student experience that APT's Registered Works represent to its students, customers and clients.

31.     As a direct and proximate result of DEFENDANTS' wrongful acts alleged above, APT seeks actual damages to compensate it for the loss of profits and related damages that DEFENDANTS have caused.  APT has discovered multiple unauthorized and fraudulent copies and/or distinctly similar derivations of the Registered Works published by DEFENDANTS that infringe upon the Registered Works.  For these discovered infringements DEFENDANTS have gained illicit profits and improved its professional reputation while APT has lost significant revenue and its professional reputation has been damaged for an amount and to an extent to be determined according to proof at trial.

32.     Alternatively, as a direct and proximate result of the acts alleged above, APT may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual damages, to compensate it for the loss of profits that DEFENDANTS have caused based on DEFENDANTS' infringement upon the Registered Works.  To date, APT has discovered the infringement of at least two copyrighted works by DEFENDANTS which entitle APT to statutory damages recovery.  For each of the statutory violations, APT respectfully asserts that it is entitled to $150,000.00 per violation due to the willful nature of DEFENDANTS' infringement.  The total statutory damages claimed on the two violations discovered by APT to date is thus $300,000.00.  Additional violations may be discovered which will increase the amount of statutory damages Plaintiff is entitled to.

33.     In addition to actual damage and lost profits or statutory damages, APT is entitled to the recovery of full costs, including reasonable attorney's fees for the collection of its damage claim pursuant to 17 U.S.C. § 505.

117153/000003/1219317.13

34.     Finally, as a result of DEFENDANTS' acts, APT has suffered, and continues to suffer, irreparable harm and injury as a result of DEFENDANTS' conduct as APT did not and will not benefit from new or renewing students which are taking DEFENDANTS' courses which are being taught with Infringing Reference Materials. Accordingly, APT has no adequate remedy at law, and is entitled to an injunction restraining DEFENDANTS, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement of the Registered Works.

35.     On information and belief, APT alleges that unless enjoined by this Court, DEFENDANTS intend to continue its course of conduct and to wrongfully use, copy, infringe upon, and otherwise profit from APT's copyright protected Registered Works and works derived therefrom, and that DEFENDANTS intend to infringe other course materials and titles.

36.     As a direct and proximate result of the acts alleged above, APT has already suffered irreparable damage, and lost profits and good will. APT has no adequate remedy at law to redress all of the injuries that DEFENDANTS have caused and intend to cause by its conduct. APT will continue to suffer irreparable damage and sustain loss of profits until DEFENDANTS' actions alleged above are enjoined by this Court.

37.     On information and belief, APT alleges that each of the DEFENDANTS are vicariously liable for the acts of infringement alleged herein by reason of profiting from direct infringement and otherwise have a direct financial interest in the infringing activity, and declining to exercise a right to stop or limit the infringing activity, having right and ability to supervise the infringing conduct.

## SECOND CLAIM FOR RELIEF

*[Misappropriation of Trade Secrets against AMERI-SKILLS, AMERI-SKILLS OWNERS and DEFENDANT EMPLOYEES]*

38.     Plaintiff incorporates all allegations above and below into this claim for relief.

117153/000003/1219317.13

39.   At all relevant times, plaintiff owns and possesses trade secrets, consisting of the following type of information:

a)   Contact and Sales Databases and Lists containing; customers and clients, students, businesses, organizations, instructors, and key contact persons, which included their names, addresses, telephone numbers, emails and other specifics (Trade Secret #1); and,

b)   Student Roster Database and Lists containing; student information set forth in Trade Secret #1 as well as the courses each student has attended or plans on attending in the future as well as pricing and preference information (Trade Secret #2).

c)   Additional information, methods and processes (Trade Secret #3).

40.   Plaintiff's trade secrets contained information that is not generally known to the public or to plaintiff's competitors, who can obtain economic value from its disclosure and use in that this information was compiled based on plaintiff's years of investment in course development, trade shows, presentations, mailers, client and business development events and other experiences in dealing with its services, materials, products, instructors, students and customers and potential instructors, students and customers, arising from a significant expenditures of time and money.  These trade secrets contained confidential information which is not otherwise readily ascertainable.  As a result, this information had economic value giving plaintiff a competitive advantage.

41.   Plaintiff made reasonable efforts to ensure that the trade secret information remained a secret, including:

a)   Emphasizing to employees, including DEFENDANT EMPLOYEES, plaintiff's need to keep such information confidential.

b)   Requiring, as a condition of employment, that employees and contractors, including DEFENDANT EMPLOYEES, promise to turn over all confidential material, and that each employee, including DEFENDANT EMPLOYEES, agree not to take or disclose any information relating to the trade secrets, and that  employees and contractors sign agreements containing confidentiality provisions.

9

Complaint for Damages and Injunctive Relief

c)     Taking reasonable measures to secure written materials and electronically stored information containing the trade secrets, including, but not limited to:

            i)      The use of computer passwords and firewalls.

            ii)      Limitations on access to computer databases.

            iii)     Use of secured storage cabinets and rooms.

            iv)     Separate databases for individuals and groups.

            v)      Written policies which emphasize the importance of maintaining security of confidential information.

            vi)     Sending a letter to DEFENDANT EMPLOYEES after the termination of employment reminding them of obligations not to disclose APT trade secrets.

            vii)    Sending a letter to AMERI-SKILLS after they hired DEFENDANT EMPLOYEES informing AMERI-SKILLS of DEFENDANT EMPLOYEES' confidentiality obligations to APT.

            viii)    Other measures.

42.     DEFENDANT EMPLOYEES learned of and took possession of plaintiff's trade secrets in the course and scope of employment with plaintiff.

43.     During the end of employment, after being hired by AMERI-SKILLS, and continuing to the present time, DEFENDANT EMPLOYEES for their own benefit and for the benefit and at the direction and control of AMERI-SKILLS and AMERI-SKILLS OWNERS misappropriated the above described trade secrets of plaintiff as follows:

a)     Taking Trade Secrets Nos. 1-3 with them when they left APT after agreeing to turn over such documents and information upon termination;

b)     Disclosing Trade Secrets Nos. 1-3 to AMERI-SKILLS and/or AMERI-SKILLS OWNERS without authorization from APT and in violation of confidentiality agreements;

c)     Using Trade Secrets Nos. 1-3 in new employment with

117153/000003/1219317.13

1   AMERI-SKILLS;

2           d)     Assisting AMERI-SKILLS and AMERI-SKILLS OWNERS in using

3   Trade Secrets Nos. 1-3 to the competitive advantage of AMERI-SKILLS in its business

4   activities which directly compete against APT.

5       44.   Defendant   AMERI-SKILLS,   AMERI-SKILLS   OWNERS   and

6   DEFENDANT EMPLOYEES misappropriated Trade Secrets Nos. 1-3 by:

7           a)     Acquiring Trade Secrets Nos. 1-3 knowing or having reason to know

8   that it was acquired by improper means;

9           b)     Using Trade Secrets Nos. 1-3 knowing or having reason to know that

10  its knowledge of the trade secret was acquired through DEFENDANT EMPLOYEES

11  who had utilized improper means to acquire it, and who owed a duty to APT to maintain

12  its secrecy.

13          c)     Disclosing Trade Secrets Nos. 1-3 to other AMERI-SKILLS

14  employees knowing or having reason to know that its knowledge of the trade secret was

15  acquired through DEFENDANT EMPLOYEES who had utilized improper means to

16  acquire it, and who owed a duty to APT to maintain its secrecy.

17      45.   DEFENDANT EMPLOYEES, AMERI-SKILLS and AMERI-SKILLS

18  OWNERS took, disclosed and used said trade secret information knowing that the taking,

19  disclosure and/or use would violate DEFENDANT EMPLOYEES' duty to keep said

20  information secret and only to use said information for the benefit of plaintiff. Thereafter,

21  these certain DEFENDANTS used the foregoing trade secrets without the consent of

22  plaintiff and with reason to know that their knowledge of the trade secrets was derived

23  illegally and improperly through DEFENDANT EMPLOYEES, who had a duty to

24  plaintiff to maintain the secrecy of the information.

25      46.   As a result of the use by these certain DEFENDANTS of plaintiff's trade

26  secrets, plaintiff has suffered actual damages in a sum in excess of the jurisdictional

27  amount of this court. As a further result of this misappropriation, plaintiff is informed

28  and believes that these certain DEFENDANTS have been unjustly enriched. The amount

Complaint for Damages and Injunctive Relief

1  of this unjust enrichment cannot presently be ascertained, and plaintiff will move to

2  amend this complaint to specify the amount when it becomes known, or on proof thereof.

3       47.    The aforementioned acts of the DEFENDANT EMPLOYEES, AMERI-

4  SKILLS and AMERI-SKILLS OWNERS were willful and malicious in that

5  DEFENDANTS engaged in a scheme to acquire confidential knowledge from plaintiff

6  with the specific intent to use said confidential information for their own gain, thereby

7  warranting exemplary and punitive damages, pursuant to Civil Code section 3294, Civil

8  Code section 3426.3(c), and an award of reasonable attorneys fees pursuant to Civil Code

9  section 3426.4.

10       48.    The wrongful conduct of these certain DEFENDANTS, as described above,

11  unless and until enjoined and restrained by this court, will cause and has caused great and

12  irreparable injury to plaintiff's business and is subject to wrongful competition from

13  DEFENDANTS as they have gained a competitive advantage by using said trade secrets

14  without having to invest time, effort, and financial resources to develop said trade secrets

15  on their own.

16       49.    Plaintiff have no adequate remedy at law for the injuries currently being

17  suffered in that these certain DEFENDANTS will continue to misappropriate the trade

18  secrets and plaintiff would be required to maintain a multiplicity of judicial proceedings

19  to protect its interests.

20                                     **THIRD CLAIM FOR RELIEF**

21       *[Conversion against AMERI-SKILLS, AMERI-SKILLS OWNERS and DEFENDANT*

22                                      *EMPLOYEES]*

23       50.    Plaintiff incorporates all allegations above and below into this claim for

24  relief.

25       51.    By DEFENDANT EMPLOYEES taking possession of Trade Secrets Nos.

26  1-3 and failing to return them to plaintiff upon termination of employment,

27  DEFENDANT EMPLOYEES are guilty of conversion with regard to this property along

28  with DEFENDANT AMERI-SKILLS and AMERI-SKILLS OWNERS, whom plaintiff is

117153/000003/1219317.13

1   informed and believes, acted in concert with DEFENDANT EMPLOYEES and

2   encouraged the taking and use for their joint benefit and to obtain an commercial

3   advantage.

4         52.     As a result of defendant's conversion, plaintiff has suffered significant

5   economic damages in the disclosure of one of the core tools of its company, in an amount

6   to be proven at trial.

7         53.     The aforementioned acts of the defendant was willful and malicious in that

8   defendant engaged in a scheme to acquire confidential knowledge from plaintiff with the

9   specific intent to use said confidential information for their own gain, thereby warranting

10   exemplary and punitive damages, pursuant to Civil Code section 3294, Civil Code section

11   3426.3(c), and an award of reasonable attorneys fees pursuant to Civil Code section

12   3426.4.

13                              **FOURTH CLAIM FOR RELIEF**

14                     *[Breach of Contract against DEFENDANT EMPLOYEES]*

15         54.     Plaintiff incorporates all allegations above and below into this claim for

16   relief.

17         55.     DEFENDANT EMPLOYEES entered into written contracts with APT.

18   True and correct copies of the written contracts between APT and GLENN are attached as

19   Exhibits "A" and "B", which are incorporated herein by reference.  A true and correct

20   copy of the written contract between APT and ADYELOTT is attached as Exhibit "C"

21   and incorporated herein by reference.  Plaintiff has performed all conditions, covenants,

22   and promises required of them under the agreements.

23         56.     DEFENDANT EMPLOYEES breached this contract by the following acts:

24               a)     Taking, divulging and/or using Trade Secrets Nos. 1-3 in an

25   unauthorized fashion, for improper purposes, in their new job working for their new

26   employer.

27               b)     Retaining and failing to return Trade Secrets Nos. 1-3 to the plaintiff

28   upon termination of employment.

1        c)     Disclosing Trade Secrets Nos. 1-3 to AMERI-SKILLS.

2        d)     Failing to protect the value of the Confidential Information of

3 plaintiff and failing to prevent misappropriation and disclosure of such confidential

4 information upon termination of employment.

5        e)     Using trade secrets and other confidential information to their own

6 benefit and using such information to the detriment of the plaintiff.

7     57.    As a result of DEFENDANT EMPLOYEES' breach, plaintiffs have

8 suffered economic damages, consisting of lost profits and other damages in an amount

9 subject to proof at trial.

10     58.    The wrongful conduct of these certain defendants, as described above,

11 unless and until enjoined and restrained by this court, will cause and has caused great and

12 irreparable injury to plaintiff's business and is subject to wrongful competition from

13 defendants as they have gained a competitive advantage by using said trade secrets

14 without having to invest time, effort, and financial resources to develop said trade secrets

15 on their own.

16     59.    Plaintiff has no adequate remedy at law for the injuries currently being

17 suffered in that defendants will continue to misappropriate the trade secrets and plaintiff

18 would be required to maintain a multiplicity of judicial proceedings to protect its interests.

19                            **FIFTH CLAIM FOR RELIEF**

20              *[Unfair Competition against ALL DEFENDANTS]*

21     60.    Plaintiff incorporates all allegations of the general allegations, and the First,

22 Second, and Third Causes of Action above into this claim for relief.

23     61.    DEFENDANTS' acts constitute unfair competition and unfair business

24 practices under Business & Professions Code section 17200 *et seq.* DEFENDANTS' acts

25 include without limitation misappropriation of trade secrets, copyright infringement and

26 other acts and omissions as set forth herein.

27     62.    As a result of defendants' conduct, they have been unjustly enriched in an

28 amount far in excess of the jurisdictional requirements of this court, and plaintiff is

1  entitled to restitution and disgorgement remedies for loss of business and other economic

2  damages.

3      63.    The aforementioned acts of the defendants were willful and malicious in

4  that defendants engaged in a scheme to acquire confidential knowledge from plaintiff

5  with the specific intent to use said confidential information for their own gain, thereby

6  warranting exemplary and punitive damages, pursuant to Civil Code section 3294 and an

7  award of reasonable attorneys fees pursuant to Code of Civil Procedure section 1021.5.

8      64.    The wrongful conduct of defendants, as described above, unless and until

9  enjoined and restrained by this court, will cause great and irreparable injury to plaintiff's

10 businesses in that plaintiff lost substantial work, and continues to lose substantial work

11 and is subject to wrongful competition from DEFENDANTS, including AMERI-SKILLS

12 and MIRA COSTA as they gained a competitive advantage by using said trade secrets

13 and copyright protected material without having to invest time, effort, and financial

14 resources to develop said trade secrets and copyrighted materials on their own.

15     65.    Plaintiff has no adequate remedy at law for the injuries currently being

16 suffered in that defendants will continue to misappropriate the trade secrets and solicit

17 plaintiff's customers, clients, students and/or instructors and use and benefit from

18 plaintiff's copyrighted materials and plaintiff would be required to maintain a multiplicity

19 of judicial proceedings to protect its interests.

### SIXTH CLAIM FOR RELIEF

*[Breach of Confidence/Loyalty against DEFENDANT EMPLOYEES]*

22     66.    Plaintiff incorporates all allegations above and below into this claim for

23 relief.

24     67.    As above described numerous confidential ideas and items of information

25 were communicated to DEFENDANT EMPLOYEES by plaintiff during DEFENDANT

26 EMPLOYEES' employment.    DEFENDANT EMPLOYEES voluntarily received this

27 information in confidence by agreeing in writing and verbally to keep such ideas in

28 confidence and not to disclose said ideas to any other person or entity without the

---

15

Complaint for Damages and Injunctive Relief

permission of plaintiff.  DEFENDANT EMPLOYEES also owed Plaintiff a duty of loyalty as defined in the California Labor Code section 2863 and under common law.

68.    DEFENDANT EMPLOYEES breached their duty of confidence and loyalty by the conduct described above and by failing to give preference to Plaintiff when transacting business on behalf of and employed by Plaintiff.   Instead, DEFENDANT EMPLOYEES, on information and belief, while employed by Plaintiff interacted with customers, clients, students, instructors and the like to create an advantage for themselves personally and to attract customers, clients, students, instructors and the like away from Plaintiff to themselves and/or their future employer.

69.    As a result of this conduct, plaintiff has suffered economic damages, consisting of lost profits and other damages in an amount subject to proof at trial.  An injunction is necessary to restrain DEFENDANT EMPLOYEES, as well as their new employers, agents, and all persons acting in concert with them from taking, using, and disclosing confidential and proprietary information.

70.    In committing the foregoing acts, defendants were guilty of malice, fraud and oppression in that they acted with the deliberate intent to injure plaintiff and enhance their own business.  They further acted in conscious disregard of plaintiff's rights and their obligations to plaintiff, thereby warranting an award of punitive and exemplary damages in an amount sufficient to punish defendants and deter them and others from engaging in similar misconduct.

## SEVENTH CLAIM FOR RELIEF

### *[Conspiracy as to ALL DEFENDANTS]*

71.    Plaintiff incorporates all allegations above and below into this claim for relief.

72.    Defendants and each of them knowingly and willfully conspired and agreed among themselves to wrongfully misappropriate Trade Secrets Nos. 1-3, infringe upon the copyrights and engage in other illegal acts and omissions as above described.  They did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy

117153/000003/1219317.13

1    and the above-alleged agreement.

2    　　　73.   As a proximate result of the wrongful acts herein alleged, plaintiff has been

3    generally damaged in an amount according to proof at trial.

4    　　　74.   The aforementioned acts of the defendants were willful and malicious,

5    thereby warranting exemplary and punitive damages, pursuant to Civil Code section

6    3294, Civil Code section 3426.3(c), and an award of reasonable attorneys fees pursuant to

7    Civil Code section 3426.4.

8    **PRAYER FOR INJUNCTIVE RELIEF,**

9    **DAMAGES AND OTHER REMEDIES**

10   　　　WHEREFORE, plaintiff prays for judgment against DEFENDANTS and relief as

11   follows:

12   **On the First Claim for Relief:**

13   　　　1.   That the Court find defendants, MIRA COSTA, AMERI-SKILLS and

14   AMERI-SKILLS OWNERS have infringed upon APT's copyrights in the Registered

15   Works;

16   　　　2.   That the Court finds a substantial likelihood that these certain defendants

17   will continue to infringe upon APT's copyrights in the Registered Works unless enjoined

18   from doing so;

19   　　　3.   That defendants, MIRA COSTA, AMERI-SKILLS and AMERI-SKILLS

20   OWNERS, their directors and officers, agents, servants, employees, and all other persons

21   in active concert of privity or in participation with them, be enjoined from directly or

22   indirectly infringing upon APT's copyrights in the Registered Works or continuing to

23   market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce,

24   develop, utilize or manufacture any works derived or copied from the Registered Works

25   or to participate or assist in any such activity;

26   　　　4.   That defendants, MIRA COSTA, AMERI-SKILLS and AMERI-SKILLS

27   OWNERS, their directors and officers, agents, servants, employees, and all other persons

28   in active concert of privity or in participation with them, be enjoined to return to APT any

117153/000003/1219317.13

1    and all originals, copies, facsimiles, or duplicates of the Registered Works in their

2    possession, custody or control;

3        5.      That defendants, MIRA COSTA, AMERI-SKILLS and AMERI-SKILLS

4    OWNERS be required to notify all of its former, current, and potential students,

5    customers, clients, business affiliates that defendants, MIRA COSTA, AMERI-SKILLS

6    and AMERI-SKILLS OWNERS never did and currently do not have a license to use the

7    copyrighted materials of APT, and that they illegally infringed upon APT's Registered

8    Works;

9        6.      That defendants, MIRA COSTA, AMERI-SKILLS and AMERI-SKILLS

10   OWNERS be required to deliver upon oath, to be impounded during the penance of this

11   action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or

12   duplicates of any work shown by the evidence to infringe upon any copyright in the

13   Registered Work;

14       7.      That defendants, MIRA COSTA, AMERI-SKILLS and AMERI-SKILLS

15   OWNERS be required to file with the Court and serve on APT, within 30 days after

16   service of the Court's order as herein prayed, a report in writing under oath setting forth

17   in detail the manner and form in which they have complied with the Court's order;

18       8.      That judgment be entered for APT and against defendants, MIRA COSTA,

19   AMERI-SKILLS and AMERI-SKILLS OWNERS for APT's actual damages according

20   to proof, and for any profits attributable to infringements of APT's copyrights, in

21   accordance with proof, in a sum to be proved at trial;

22       9.      That judgment be entered for APT and against defendants, MIRA COSTA,

23   AMERI-SKILLS and AMERI-SKILLS OWNERS, and all others culpable for statutory

24   damages based upon acts of infringement, pursuant to the Copyright Act of 1976, 17

25   U.S.C. §§ 101 *et seq*, in the sum of at least $300,000.00, specifically $150,000.00 per

26   willful infringement for each of APT's two registered copyrights;

27       10.     That defendants, MIRA COSTA, AMERI-SKILLS and AMERI-SKILLS

28   OWNERS be required to account for all gains, profits, and advantages derived from its

18

Complaint for Damages and Injunctive Relief

1    acts of infringement and for their other violations of law;

2        11.    That all gains, profits and advantages derived by defendants, MIRA

3    COSTA, AMERI-SKILLS and AMERI-SKILLS OWNERS from their acts of

4    infringement and other violations of law be deemed to be held in constructive trust for the

5    benefit of APT;

6        12.    That APT have judgment against defendants, MIRA COSTA, AMERI-

7    SKILLS and AMERI-SKILLS OWNERS for APT's costs and attorneys' fees; and

8        13.    That the Court grant such other, further, and different relief as the Court

9    deems proper under the circumstances.

10   **On All Claims where such damages are available:**

11       1.    For statutory, actual, economic and compensatory damages to be

12   determined at trial;

13       2.    Punitive and exemplary damages in an amount appropriate to punish

14   DEFENDANTS and deter others from engaging in similar misconduct;

15       3.    An amount necessary to prevent the unjust enrichment of DEFENDANTS,

16   to the extent that such amount is not included in any actual damages awarded;

17       4.    Reasonable attorneys' fees pursuant to Civil Code section 3426.4, Code of

18   Civil Procedure section 1021.5, and all other applicable statutes, and agreements attached

19   to and or referenced in this Complaint.

20       5.    For pre and post judgment interest.

21       6.    For a preliminary and permanent injunction requiring DEFENDANTS and

22   their agents and employees, and all persons, acting under, or in concert, with them:

23           a)    To refrain from continuing the misappropriation of plaintiffs' trade

24   secrets or using said trade secrets in any manner.

25           b)    To refrain from disclosing any trade secrets of plaintiffs to any other

26   third party.

27           c)    To refrain from using any trade secrets of plaintiffs.

28           d)    To turn over to plaintiffs any and all confidential material taken by

---

19

Complaint for Damages and Injunctive Relief

1   DEFENDANT EMPLOYEES and AMERI-SKILLS from plaintiffs, including but not

2   limited to Trade Secrets Nos. 1-3.

3         7.     For costs and further relief as the court may deem proper.

4   ### JURY DEMAND

5       Plaintiff demands trial by jury on all claims and issues so triable.

6

7   DATED:  June 29, 2010          PROCOPIO, CORY, HARGREAVES &
                    SAVITCH LLP

8

9

10  By: _____
        John D. Alessio, Esq.

11          Barry F. Soalt, Esq.
        Attorneys for Plaintiff:

12          APPLIED PROFESSIONAL
        TRAINING, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages and Injunctive Relief

117153/000003/1219317.13

**EXHIBIT A**



**Applied Professional Training, Inc.**
P.O. Box 131717 Carlsbad, CA 92013
Phone: 800 - 431-8488    Fax: 888 - 431-8588
Email: aptc@aptc.com    Website: www.aptc.com

## EMPLOYEE CONFIDENTIALITY AGREEMENT

**EMPLOYEE CONFIDENTIALITY AGREEMENT: provision of employment contract restricting employee from divulging employer's trade secrets**

Employee agrees that any and all knowledge or information that may be obtained in the course of the employment with respect to the conduct and details of the business and with respect to the proprietary information which includes, but is not limited to, sales data, marketing information and data, technical information, equipment and equipment processes and uses, software, know-how, trade secrets, student and instructor information, other confidential information and any other information which may in any way aid competitors of *Applied Professional Training* or which may in any way harm *Applied Professional Training* or its employees shall not be divulged to Applied Professional Training's competitors.

Upon release of employment, such as termination, layoff, etc. said employee shall return to *Applied Professional Training*, all materials and equipment before employee is released from any obligation.

If he or she does so in violation within four years from the date of termination, *Applied Professional Training* shall be entitled to an injunction by any competent court of equity enjoining and restraining him [her] and each and every other person concerned from continuance of employment, services or other acts in aid of the business of the rival company or concern. Nothing shall prevent him [her], upon the termination of the employment, in engaging in any occupation in which the processes, formulas, and other secrets of *Applied Professional Training* will not be directly or indirectly involved.

This agreement is binding upon and shall be carried out to the benefit of the named parties, their successors and representatives.

Signature _____    Date: _3-25-08_

Printed Name: _Diara Glenn_

Witness _____    Date: _3-25-08_

## SEVERANCE AND RELEASE AGREEMENT

### *RECITALS*

This Severance and Release Agreement ("Agreement") is entered into by and between Mara Glen and his/her spouse, agents, representatives, heirs, or assigns, past, present, or future (collectively referred to as "Employee") and APPLIED PROFESSIONAL TRAINING, INC., a California corporation (hereinafter referred to as "Employer"). Employer and Employee may be collectively referred to as the Parties or individually as Party.

A. This Severance Agreement and Release is made as a compromise between Employee and Employer in the complete, final, and binding settlement of all claims and potential claims, if any, with respect to their employment relationship or any other alleged relation they may have had through the date all parties have executed this Agreement (Effective Date).

B. Employee and Employer desire to bring these matters to a conclusion and avoid incurring further costs, time and inconvenience resolving all outstanding disputes. Employee and Employer further desire to resolve any and all potential claims by Employee, known or unknown, which may have arisen before the execution of this Agreement. Therefore, the parties make the following agreements:

### *AGREEMENTS*

In consideration of the mutual promises made by and between the parties, the parties agree as follows:

1. **Employment by Employee:** Employee was laid off and continued employment through the close of business on December 28, 2009.

2. **Severance Payment:** This Release is given in consideration of Employer's additional payment of $1,000.00 less standard deductions and withholdings required by law. Severance payment will be released to Employee upon Employer's receipt of this document signed by Employee. Severance shall be paid in a lump sum, single payment in conjunction with the final paycheck. Employee agrees to accept the severance payment along with the final paycheck via regular mail to Employee's home address. The final paycheck shall include payment of all days worked and vacation leave balance. Employee's final commission payment shall be paid pursuant to the standard pay schedule (January 10, 2010).

3. **Employee's Release**

   a) *Release of All Claims*

   Employee will, and hereby does, forever release and discharge Employer, Employer's predecessors, successors, assigns, subsidiaries, divisions, affiliated and related business entities and enterprises and each of their, officers, directors, employees,

APPLIED PROFESSIONAL TRAINING, INC.
Severance & Release Agreement                                     Ages 39 and Younger

shareholders, members, partners, joint ventures, investors, insurers and attorneys (hereinafter "Employer Releases") from any and all causes of action, judgments, liens, indebtedness, attorney's fees, costs, damages, losses, claims, liabilities, and demands of every kind and character in any manner attributable to the Employee's employment by Employer and Employee's layoff, as well as all matters that were or could have been raised by Employee for any relation or dealing with Employer, whether or not arising out of or related to employment, for violations of any federal, state or local, law, statute, ordinance, regulation, whether based in tort, contract, statute or equity, including but not limited to claims for discrimination on the basis of race, national origin, ancestry, gender, religion, disability, physical handicap, medical condition, marital status, sexual preference, political affiliation, and age, sex, or any other protected class, and sexual harassment, retaliation, breach of agreement, breach of the covenant of good faith and fair dealing, wage and hour violations, state and federal family and medical, pregnancy or other leave laws, termination in violation of public policy, whistleblowing, defamation, attorneys' fees and costs, whether or not previously brought before any state or federal court or before any state or federal or any other governmental agency or other tribunal (Released Claims).

b)     *Release of Unknown Claims*

Employee expressly agrees that this Agreement extends to all claims of every nature and kind, known or unknown, suspected or unsuspected, vested or contingent, past, present, or future, arising from or attributable to Employer or Employer Releasees occurring before the Effective Date, whether or not set forth in a pleading, charge, or complaint referred to herein or not, and that any and all rights granted under section 1542 of the California Civil Code or any analogous state law or federal law or regulation are hereby expressly waived. California Civil Code section 1542 reads as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

**4.     Agreement Not to File Claim/ Withdrawal of Claims:**  Employee agrees not to file with any state or federal court or any governmental entity any charges or complaints or claims of any kind or character which are in any manner attributable to or related to Employee's employment with Employer or the Released Claims and to withdraw and/or request dismissal with prejudice of any such claims if they have already been filed.

**5.     Confidentiality of Action and Agreement:**  Employee agrees not to disclose to any third party the terms or provisions of this Agreement, including without limitation, the fact that a severance or settlement agreement was discussed or entered into and that payment in any amount was made by Employer to Employee. Employee agrees not to disclose to any third party the contents of any documents produced or generated by any party to this Agreement in connection with the dispute; provided, however, Employee is allowed to disclose the terms of this Agreement pursuant to court order or with Employee's union representatives, attorneys, accountants, or tax preparers, but, only

after Employee: a) instructs such party of the duty to keep this information confidential; and b) takes reasonable efforts to secure the prior written agreement of the person(s) to whom disclosure is made to maintain the confidentiality of this Agreement. Employee further agrees that disclosure of any of the terms and conditions of this Agreement in violation of the foregoing shall constitute and be treated as a material violation and breach of this Agreement.

6.  **Binding Effect:**  Employee understands and expressly agrees that this Agreement shall bind and benefit their spouses, heirs, employees, members, affiliates, agents, attorneys, representatives, predecessors, successors, and assigns, if any.

7.  **No Admission of Liability:**  It is understood and expressly agreed by Employee that this is a compromise settlement of a disputed claim and that the payment of consideration for this release shall not be deemed or construed as an admission of any liability by Employer.

8.  **Review of Agreement by Counsel; Familiarity With Contents and Effect; Modification**

Employee and Employer expressly declare that each of them have been supplied with and have read a copy of this Agreement. Employee and Employer further represent that they have each consulted with their attorney regarding the meaning of the terms and conditions contained herein, or voluntarily elected not to do so, and fully understand the content and effect of this document. Employee and Employer approve and accept the terms and provisions of this Agreement and agree to be bound by it.

This document constitutes the final, complete and exclusive statement of the terms of the Agreement among all the parties to this Agreement relating to the rights granted by it and the obligations assumed under it. No party has been induced to entered into this Agreement by, nor is any party relying on, any representation or warranty outside those expressly set forth in this Agreement. Each party has the opportunity to negotiate the contents hereof and expressly waive any common law or statutory rule of construction that ambiguities should be construed against the drafter of this Agreement. This Agreement may be supplemented, amended, or modified only by the mutual agreement of the parties, in a writing signed by all the parties.

9.  **Entire Agreement; Severability:**  The parties further expressly agree that the obligations contained in this Agreement are the sole and only consideration for it, and that no representations or inducements have been made by any party, members, officers, employees, managers, agents or its directors, except as specifically set forth in this Agreement.  This Agreement supersedes any previous oral agreement or understanding between the parties regarding any matter contained in it; however, it supplements the Confidentiality Agreement you may have previously signed. If a court or an arbitrator of competent jurisdiction holds any provision of this Agreement to be illegal, unenforceable, or invalid in whole or in part for any reason, the validity and enforceability of the remaining provisions, or portions of them, shall not be affected.

APPLIED PROFESSIONAL TRAINING, INC.
Severance & Release Agreement                                    Ages 39 and Younger

**10.   Attorney's Fees:**  The Parties agree that if either party is forced to bring any action or proceeding that arises out of or relates to the interpretation or enforcement of this Agreement or any of its terms, the prevailing party in that action or proceeding shall be entitled to reasonable attorney's fees and costs incurred in connection with that action or proceeding, in addition to any and all other relief to which the prevailing party may be entitled.

**11.   Warrant of Authority:**  Each person executing this Agreement on behalf of a party hereto warrants and represents that he/she is duly authorized to execute this Agreement on behalf of such party.

**12.   Costs:**  The parties to the dispute shall bear their respective costs and attorney's fees incurred in connection with the dispute, the settlement entered into, and this Agreement.

**13.   Governing Law/Jurisdiction/Venue:**  This Agreement is made and entered into in the State of California and shall by all respects be interpreted, enforced and governed under the laws of the State of California without regard to the principles of conflicts of law.  The parties agree that any and all claims arising out of or related to this Agreement or the matters referred to herein shall be heard and decided in the exclusive jurisdiction of the state or federal courts located in San Diego, California.

**14.   Counterparts:**  This Agreement may be executed in counterparts.  Facsimile and/or electronic (ie., scanned and emailed) copies of signatures are acceptable in lieu of and for all purposes in which an original signature may be required.

**15.   Confidential & Proprietary Information:**  Employee understands that during the course of employment with Employer he/she was privy to confidential and/or privileged information important to Employer and known to her/him only by virtue of employment with Employer.  Employee acknowledges his/her continuing obligations to Employer under the California Uniform Trade Secrets Act.  Furthermore, in consideration of Employer's payment pursuant to this Agreement, Employee agrees to maintain the confidentiality of all trade secret and other confidential and proprietary information, including but not limited to lists of actual and/or prospective clients, pricing information, financial and accounting information of Employer and its clients and prospects, marketing plans, methods of doing business, and technical data, work schedules, work agendas and any other information that is closely held by Employer (the "Confidential Information").  Employee may only reveal Confidential Information when compelled to do so by legal process (e.g. subpoena or court order) and in this instance, Employee must first notify Employer's President in order to provide Employer an opportunity to contest such subpoena or other legal process.  Employee represents and warrants that he/she has returned Employer's confidential and proprietary information and materials (and any copies and extracts or summaries thereof) and Employer property.  Employee further represents that he/she has not provided Employer with any information protected under the California Uniform Trade Secrets Act, which he/she may have obtained from any prior employer.  If Employee has any questions regarding whether a particular item constitutes Confidential Information, he/she agrees he/she will

direct such inquiry to Employer's President, prior to taking, using or disclosing such information for any purpose.

**PLEASE READ THIS AGREEMENT CAREFULLY.  IT CONTAINS A RELEASE AND WAIVER OF ALL KNOWN AND UNKNOWN CLAIMS.**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT, UNDERSTAND IT AND ARE VOLUNTARILY ENTERING INTO IT.**

*EMPLOYEE:*

/s/_____     **Date:** _1-4-2010_
Print: Mara Glen

*EMPLOYER:*

**APPLIED PROFESSIONAL TRAINING, INC., a California corporation**

By: _____     Date: ___December 29, 2009____
     Steven Blume, President

**EXHIBIT C**



**. .pplied Professional Trai.. .ig, Inc.**
P.O. Box 131717 Carlsbad, CA 92013
Phone: 800 - 431-8488     Fax: 888 - 431-8588
Email: aptc@aptc.com     Website: www.aptc.com

## EMPLOYEE CONFIDENTIALITY AGREEMENT

**EMPLOYEE CONFIDENTIALITY AGREEMENT: provision of employment contract restricting employee from divulging employer's trade secrets**

Employee agrees that any and all knowledge or information that may be obtained in the course of the employment with respect to the conduct and details of the business and with respect to the proprietary information which includes, but is not limited to, sales data, marketing information and data, technical information, equipment and equipment processes and uses, software, know-how, trade secrets, student and instructor information, other confidential information and any other information which may in any way aid competitors of *Applied Professional Training* or which may in any way harm *Applied Professional Training* or its employees shall not be divulged to Applied Professional Training's competitors.

Upon release of employment, such as termination, layoff, etc. said employee shall return to *Applied Professional Training*, all materials and equipment before employee is released from any obligation.

If he or she does so in violation within four years from the date of termination, *Applied Professional Training* shall be entitled to an injunction by any competent court of equity enjoining and restraining him [her] and each and every other person concerned from continuance of employment, services or other acts in aid of the business of the rival company or concern. Nothing shall prevent him [her], upon the termination of the employment, in engaging in any occupation in which the processes, formulas, and other secrets of *Applied Professional Training* will not be directly or indirectly involved.

This agreement is binding upon and shall be carried out to the benefit of the named parties, their successors and representatives.

Signature _Janis Clydelott_     Date: _4/7/08_

Printed Name: _Janis Clydelott_

Witness _____     Date: _____

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

# TX 7-159-603

**Effective date of
registration:**

May 21, 2010

## Title

| | |
|---|---|
| **Title of Work:** | Photovoltaics for Telecommunications |
| **Previous or Alternative Title:** | Telecommunications Technology Training |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2009 | | |
| **Date of 1st Publication:** | March 3, 2009 | **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| **Author:** | Applied Professional Training, Inc. |
| **Author Created:** | text, compilation, editing |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Applied Professional Training, Inc. |
| | 5751 Palmer Way, Suite D, Carlsbad, CA, 92010, United States |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | text, photographs, artwork |
| **New material included in claim:** | text, compilation, editing, Revision and new text. |

## Rights and Permissions

| | | | |
|---|---|---|---|
| **Organization Name:** | Procopio Cory Hargreaves & Savitch LLP | | |
| **Name:** | Barry F. Soalt | | |
| **Email:** | docketing@procopio.com | **Telephone:** | 619-525-3865 |
| **Address:** | 525 B Street | | |
| | Suite 2200 | | |
| | San Diego, CA 92101  United States | | |

## Certification

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-159-599

**Effective date of
registration:**

May 21, 2010

## Title

| | |
|---|---|
| **Title of Work:** | Entry Level Photovoltaic Solar Systems Installer |
| **Previous or Alternative Title:** | Electric Power Technology Training |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2008 | | |
| **Date of 1st Publication:** | November 3, 2008 | **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| ■   **Author:** | Applied Professional Training, Inc. |
| **Author Created:** | text, compilation, editing |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Applied Professional Training, Inc. |
| | 5751 Palmer Way, Suite D, Carlsbad, CA, 92010, United States |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | text, photographs, artwork |
| **New material included in claim:** | text, compilation, editing, First published edition. |

## Rights and Permissions

| | | | |
|---|---|---|---|
| **Organization Name:** | Procopio Cory Hargreaves & Savitch LLP | | |
| **Name:** | Barry F. Soalt | | |
| **Email:** | docketing@procopio.com | **Telephone:** | 619-525-3865 |
| **Address:** | 525 B Street | | |
| | Suite 2200 | | |
| | San Diego, CA 92101  United States | | |

## Certification

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-159-609

**Effective date of
registration:**

May 21, 2010

## Title

| | |
|---|---|
| **Title of Work:** | Entry Level Photovoltaic Solar Systems Installer |
| **Previous or Alternative Title:** | Electric Power Technology Training |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2008 | | |
| **Date of 1st Publication:** | December 4, 2008 | **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| **Author:** | Applied Professional Training, Inc. |
| **Author Created:** | text, compilation, editing |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Applied Professional Training, Inc. |
| | 5751 Palmer Way, Suite D, Carlsbad, CA, 92010, United States |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | text, photographs, artwork |
| **New material included in claim:** | compilation, editing, Revision of Pub. 11/3/08 |

## Rights and Permissions

| | | | |
|---|---|---|---|
| **Organization Name:** | Procopio Cory Hargreaves & Savitch LLP | | |
| **Name:** | Barry F. Soalt | | |
| **Email:** | docketing@procopio.com | **Telephone:** | 619-525-3865 |
| **Address:** | 525 B Street | | |
| | Suite 2200 | | |
| | San Diego, CA 92101  United States | | |

## Certification

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
APPLIED PROFESSIONAL TRAINING, INC., a California corporation

## DEFENDANTS
MIRA COSTA COLLEGE, entity unknown, TELESKILLS, LLC, dba AMERI-SKILLS, a California Corporation, et al.

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   2010 JUN 29 PM 3:41
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.   SOUTHERN DISTRICT OF CALIFORNIA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John D. Alessio (Bar No. 174900)
Barry F. Soalt (Bar No. 171651)
Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200
San Diego, CA  92101   (619) 238-1900

Attorneys (If Known)

'10 CV 1372 DMS  POR
BY                           DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. 101 et seq.
Brief description of cause:
Copyright Infringement/ Trade Secret Misappropriation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $ exceeds $1 million/ injunction
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   June 29, 2010

SIGNATURE OF ATTORNEY OF RECORD
John D. Alessio

## FOR OFFICE USE ONLY

RECEIPT #  15101   AMOUNT $350   APPLYING IFP  6/29/10 B4   JUDGE _____   MAG. JUDGE _____

CR

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS015101
Cashier ID: bhartman
Transaction Date: 06/29/2010
Payer Name: KNOX ATTORNEY SERVICES
------------------------------------
CIVIL FILING FEE
 For: APPLIED PROF. V MIRA COSTA COL
 Case/Party: D-CAS-3-10-CV-001372-001
 Amount:          $350.00
------------------------------------
CHECK
 Check/Money Order Num: 8229
 Amt Tendered:   $350.00
------------------------------------
Total Due:        $350.00
Total Tendered:  $350.00
Change Amt:        $0.00


There will be a fee of $45.00
charged for any returned check.
```