# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>MIRA COSTA COLLEGE, entity unknown, et al.,<br><br>                                    Defendants. | CASE NO. 10cv1372 DMS (POR)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO CONDUCT DISCOVERY**<br><br>**[Docket No. 24]** |

This matter comes before the Court on Plaintiff's *ex parte* motion for leave to conduct discovery to oppose the motion to dismiss filed by Defendant MiraCosta Community College District ("MiraCosta"). MiraCosta filed an opposition to the motion, as did Defendants Teleskills, LLC, Burt Price, Thomas Cawley, Xavier Uribe, Mara Glenn and Janis Aydelott ("Teleskills Defendants"). Plaintiff also filed a supplemental declaration in support of its motion.

MiraCosta's motion to dismiss is based on the Eleventh Amendment and the California Tort Claims Act. Specifically, MiraCosta argues it is immune from suit under the Eleventh Amendment, and Plaintiff failed to file a government claim form prior to filing this case as required by the California Tort Claims Act. Plaintiff seeks discovery on the Eleventh Amendment defense only. Specifically, it seeks discovery on "[t]he extent to which MiraCosta relies upon state funding, including how any judgments would be, or have in the past been, satisfied[,]" "[t]he governance,

///

1  formation, maintenance, and operation of MiraCosta," and "MiraCosta's relationship with co-Defendant Ameri-Skills." (*Ex Parte* Mot. at 7.)

"A district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002)). The Ninth Circuit has stated that "discovery should be granted when ... the jurisdictional facts are contested or more facts are needed." *Id.*

Here, Plaintiff asserts that the jurisdictional facts are contested in light of an article in the San Diego Union Tribune. (*See Ex Parte* Mot. at 6.) That article states that MiraCosta "receives zero support from the state's general fund[.]" (Decl. of John Alessio in Supp. of Ex Parte Mot. ("Alessio Decl."), Ex. A.) MiraCosta argues this statement is inadmissible hearsay, and thus insufficient to raise a dispute about the jurisdictional facts. (Opp'n to Ex Parte Mot. at 6.) It also asserts the statement is false. (*Id.*) The Court agrees with MiraCosta that the article is hearsay. *See Twardowski v. American Airlines*, 535 F.3d 952, 961 (9th Cir. 2008) (finding newspaper article to be hearsay). Without it, there is no dispute about the jurisdictional facts. Indeed, the facts necessary to resolve the jurisdictional dispute are laid out in the Declaration of James E. Austin, the Vice President of Business and Administrative Services for MiraCosta. In that Declaration, Mr. Austin explains the sources of MiraCosta's funding, (Decl. of James E. Austin ¶¶ 9-10), and what funds are used to pay any monetary judgments against MiraCosta. (*Id.* ¶¶ 13-15.) He also attaches a copy of MiraCosta's budgets for 2009 and 2010. (*Id.*, Ex. A.)

In addition to these facts, Plaintiff has also been provided or directed to public documents concerning MiraCosta's finances, (Alessio Decl., Ex. I), governance (Alessio Decl., Ex. H), and its relationship with Teleskills. (Alessio Decl., Ex. J.) Although Plaintiff was not provided with every document it requested, (*see* Suppl. Decl. of Ryan C. Caplan in Supp. of Ex Parte Mot.), it has more than enough facts to oppose MiraCosta's motion.

///

///

1　　　　For these reasons, the Court denies Plaintiff's *ex parte* motion for leave to conduct discovery.
2　Plaintiff shall proceed to file its opposition to the motion on November 5, 2010, and Defendants shall
3　file their reply briefs on or before November 12, 2010.
4　　　　**IT IS SO ORDERED**.
5　DATED: November 2, 2010

_____
HON. DANA M. SABRAW
United States District Judge