# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>         vs.<br><br>MIRA COSTA COLLEGE, entity unknown, et al.,<br><br>                                    Defendants. | CASE NO. 10cv1372 DMS (POR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 20]** |

This case comes before the Court on Defendant MiraCosta Community College District's motion to dismiss Plaintiff's Complaint. Plaintiff has filed an opposition to the motion, and MiraCosta has filed a reply. After thoroughly considering the issues, the Court grants the motion.

**I.**

**BACKGROUND**

Plaintiff Applied Professional Training, Inc. ("APT") is engaged in education and technical training for the communications and electric power industries. (Compl. at 2.) Defendants Cawley, Uribe, Glenn and Aydelott are former employees of APT, and Defendant Price was formerly an independent contractor for APT.

/ / /

/ / /

After terminating their relationships with APT, each of the individual Defendants began working at Defendant Teleskills. Teleskills offers educational courses in the telecommunications industry, and is a direct competitor of APT.

In April 2009, APT's President Steve Blume was in contact with Teleskills's new client, Defendant MiraCosta Community College District, which was preparing to offer a new green energy class with the help of Teleskills. Blume informed MiraCosta that the instructor for the course was a former employee of APT, and that the materials for the course were in violation of APT's copyrights. He also stated that Cawley, Uribe and Price were in violation of a non-compete clause in their respective agreements with APT.

On June 29, 2010, APT filed the present case against Defendants. APT alleges claims for (1) copyright infringement against MiraCosta, Teleskills, Price, Cawley and Uribe, (2) trade secret misappropriation and (3) conversion against Teleskills, Price, Cawley, Uribe, Glenn and Aydelott, (4) breach of contract and (5) breach of confidence/loyalty against Defendants Glenn and Aydelott and (6) unfair competition and (7) conspiracy against all Defendants. In response to the Complaint, Defendant MiraCosta filed the present motion to dismiss. The remaining Defendants have filed Answers to the Complaint.

## II.

## DISCUSSION

MiraCosta moves to dismiss Plaintiff's Complaint on the grounds that it is entitled to Eleventh Amendment immunity and Plaintiff has failed to comply with the California Tort Claims Act. Plaintiff disputes both arguments.

"Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). In *Mitchell*, the court addressed whether a California community college district was an arm of the state, and therefore entitled to Eleventh Amendment immunity. The court first looked to California law, which demonstrated "that California state colleges and universities are 'dependent instrumentalities of the state.'" *Id.* (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1350

(9th Cir. 1982)). The court also relied on the district court's finding that "the district's budget is made up of funds received from the state's general fund pursuant to a state calculated formula." *Id.* In light of those factors, the court held that the community college district was a state entity, and was therefore entitled to Eleventh Amendment immunity. *Id.*

*Mitchell*'s holding has since been applied to other community college districts in California. *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994); *Lavell v. San Diego Community College Dist.*, No. 08cv985 WQH (WMC), 2008 WL 4712563, at *1-2 (S.D. Cal. Oct. 21, 2008); *Doe v. Lassen Community College Dist.*, No. 07-CV-01521 LEW (DADx), 2007 WL 4623042, at *2 (E.D. Cal. Dec. 28, 2007); *Ahmed v. Peralta Community College Dist.*, No. C 02-5532 MJJ, 2003 WL 1344636, at *3 (N.D. Cal. March 12, 2003); *Wasson v. Sonoma County Junior College Dist.*, 4 F.Supp.2d 893, 901-02 (N.D. Cal. 1997); *Jordan v. Marin Community College Dist.*, No. C-93-0045-DLJ, 1993 WL 515682, at *2 (N.D. Cal. Nov. 22, 1993). Indeed, the general rule appears to be that "California community college districts constitute arms of the state entitled to sovereign immunity under the Eleventh Amendment." *Johnson v. Rancho Santiago Community College Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010).

Plaintiff disputes that these cases establish a general rule, and instead urges this Court to apply the five-factor test set out in *Jackson*.[1] (Opp'n to Mot. at 5.) However, "[t]here is nothing in *Mitchell* or *Cerrato* to suggest that individual community college districts in California might be treated differently for purposes of the Eleventh Amendment." *Wasson*, 4 F.Supp.2d at 902. On the contrary, courts considering the issue have adhered to the rule set out in *Mitchell* with little or no discussion. *See Cerrato*, 26 F.3d at 972; *Lavell*, 2008 WL 4712563, at *1-2; *Doe*, 2007 WL 4623042, at *2; *Grosz v. Lassen Community College Dist.*, No. 2:07-cv-0697 FCD/CMK, 2007 WL 4356624, at *4 (E.D. Cal. Dec. 11, 2007); *Ahmed*, 2003 WL 1344636, at *3; *Wasson*, 4 F.Supp.2d at 902. This Court joins those courts, and finds that the rule set out in *Mitchell* applies to Defendant MiraCosta Community

---

[1] This test requires consideration of the following five factors: "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity." *Mitchell*, 861 F.2d at 201 (citing *Jackson*, 682 F.2d at 1350).

1  ///

2  College District. As such, Defendant is entitled to Eleventh Amendment immunity from Plaintiff's

3  claims.[2]

### III.

### CONCLUSION

For these reasons, the Court grants Defendant's motion to dismiss. Plaintiff's claims against Defendant MiraCosta Community College District are hereby dismissed with prejudice.[3]

**IT IS SO ORDERED**.

DATED: November 30, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] In light of this finding, the Court declines to address Defendant's argument regarding the California Tort Claims Act.

[3] Plaintiff requests leave to amend its claims against Defendant, but in light of the authority discussed above, any attempt to amend would be futile. Accordingly, the Court denies Plaintiff's request for leave to amend.