John D. Alessio (Bar No. 174900)
Barry F. Soalt (Bar No. 171651)
Ryan C. Caplan (Bar No. 253037)
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
525 B Street, Suite 2200
San Diego, California  92101
Telephone:    619.238.1900
Facsimile:    619.235.0398

Attorneys for Plaintiff,
APPLIED PROFESSIONAL TRAINING, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIRA COSTA COLLEGE, entity unknown; TELESKILLS, LLC, d/b/a AMERI-SKILLS, a California corporation; BURT PRICE, an individual; THOMAS CAWLEY, an individual; XAVIER URIBE, an individual; MARA GLENN, an individual; JANIS AYDELOTT, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:10-cv-01372 DMS (MDD)<br><br>**OPPOSITION OF PLAINTIFF APPLIED PROFESSIONAL TRAINING, INC. TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: INTERROGATORIES NOS. 1-4 AND 7-24 FROM DEFENDANT BURT PRICE (Doc. No. 90)**<br><br>Crtrm:          10<br>Judge:          Hon. Dana M. Sabraw<br>Magistrate:  Hon. Mitchell D. Dembin<br><br>Complaint Filed:  June 29, 2010<br>Trial Date:            June 25, 2012 |

OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. 90)
CASE NO: 3:10-cv-01372 DMS (MDD)

117153/000003/1426235.01

Plaintiff APPLIED PROFESSIONAL TRAINING, INC. ("APT" or "Plaintiff") respectfully submits the following Opposition to the "Motion for Determination of Discovery Dispute – Plaintiff's Refusal to Identify the Exact Portions of Its Training Manuals that Plaintiff Alleges Were Copied by the Defendants and Plaintiff's Refusal to Identify How Defendants Had Access to Plaintiff's Training Manuals, Re: Plaintiff's Reponses Served on October 27, 2011 to Interrogatories Nos. 1-4 and 7-24 by Defendant Burt Price (Set One)" (*see* ECF Doc. No. 90) (the "Discovery Motion") as follows:

**I.   INTRODUCTION**

APT has fully and accurately responded to Defendants' interrogatories at issue as required by law. The actual issue underlying Defendants' Discovery Motion is not with APT's responses, but rather with the improper nature of Defendants' discovery requests. Indeed, Defendants' interrogatories seek attorney-work product information, to which APT appropriately objected. APT asserted all appropriate objections but nevertheless went on to respond as fully and thoroughly as possible. Indeed, a review of APT's written responses confirms the completeness of the responses, particularly when compared with Defendants' written discovery responses in this action. Unsatisfied with APT's complete responses, however, Defendant brought the instant Discovery Motion. In so doing, Defendants ignore and mischaracterize the content of APT's responses, misinterpret deposition testimony, and misstate applicable law. As set forth below, APT's responses are entirely proper.

**II.   APT'S DISCOVERY RESPONSES ARE FULL AND COMPLETE AND IN COMPLIANCE WITH APT'S DISCOVERY OBLIGATIONS**

Defendants attempt to create a red herring by arguing the relevancy and merits of issues like copying and access rather than address the substance of APT's discovery responses. Contrary to Defendants' assertions, APT does not dispute the relevance of these issues. Indeed, APT provided full and complete responses to the extent the information requested did not invade the attorney work-product privilege. Defendants, in response, continue to insist that APT provide attorney work-product information that APT and its attorneys formulated for the purpose of this litigation and tried preparation.

1

OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. 90)
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1426235.01

### A. Defendants Seek the Production of Protected Work-Product Regarding APT's and its Counsel's Mental Impressions, Litigation Strategies, and Case Evaluation

APT's interrogatory responses provide all the information requested with the sole exception of information constituting attorney work-product. The work-product doctrine protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluations of strengths and weaknesses, and inferences drawn. (FED.R.CIV.P. 26(b)(3); see *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).) The doctrine is designed to preserve the privacy of an attorney's thought process, and to prevent parties from "borrowing the wits of their adversaries." (*Hickman*, 329 U.S. at 511; see also, *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992).) As set forth in the Federal Rules of Civil Procedure, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, indemnitor, insurer, or agent)." (FED.R.CIV.P. 26(b)(3)(A).) Additionally, intangible things such as an attorneys' mental impressions are also protected under the broad principles announced in *Hickman*, *supra*. (See *In re Seagate Technologies, LLC*, 497 F.3d 1360, 1376 (Fed. Cir. 2007).) As set forth below, APT's responses comport with these well-recognized principles.

### B. Defendants' Insistence that APT Identify Specific Documents, or Specific Portions of Documents, Impermissibly Seeks Protected Information

Defendants' contention that APT must specifically identify which documents, or which portions of documents, it intends to rely upon in preparing its infringement claims on the elements of copying or access violates the attorney work-product doctrine. Defendants complain that APT has not pointed them to specific documents contained within APT's production of nearly 4,000 pages, contending that this is somehow hiding the ball. As an initial matter, 4,000 pages is not an onerous amount of pages to review in these types of cases, and Defendants' counsel could have likely performed a sufficient review in the time taken to prepare their Discovery Motion. Further, Defendants hardly have room to complain about the number of pages given that they have propounded no less than five (5) sets of requests for production of

2

OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. 90)
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1426235.01

documents prior to this motion.[1]

Regardless, it has been held that the selection of particular documents among an entire production constitutes work-product protected against disclosure. "In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research." (*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986; see also *Disability Rights Council of Greater Washington v. Washington Metropolitan Transit Auth.*, 242 FRD 139, 144 [selection of documents protected as ordinary work-product].)

Here, requesting APT go through documents that have already been produced to Defendants and specifically identify those documents (or those portions of documents) in which it intends to rely upon for the various elements of its claims unquestionably invades the attorney work-product doctrine. Such responses would unfairly give insight into APT's and its counsel's litigation strategy and trial preparation. Nevertheless, APT still provided responses to Defendants' requests; it simply omitted work-product information in the process.

### C. Discovery Requests Concerning the Issue of "Copying"

Recognizing the general relevancy of the information sought, APT endeavored to provide meaningful responses to Defendants' interrogatories. Indeed, as can be seen by a review of APT's responses, APT did not once refuse to provide the information requested by Defendants. Rather, APT simply provided responses omitting information created or selected by APT and its counsel in the course of litigation for trial preparation.

In March 2011, Defendants propounded interrogatories to APT asking APT to identify the specific portions of Defendants' works claimed to have been copied. In April 2011, APT responded by identifying those portions of the subject works. Thereafter, in May 2011, Defendants served another set of interrogatories (the set referenced in Defendants' motion) in which Defendant *again* asked APT to identify specific portions of the works alleged to be copied, this time in the compound fashion of also requesting that APT identify registration numbers, identify page numbers, quote text, and give general descriptions. Because these requests were duplicative of Defendants' first set of interrogatories and much of the requested information fell

---

[1] Defendants propounded a sixth set of requests for production since filing their Discovery Motion.

3

OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. 90)
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1426235.01

within the attorney-work product privilege, APT asserted all appropriate objections. Nevertheless, APT went on to respond to the extent the information was not privileged by identifying the portions of the works claimed to have been infringed.

APT's responses comply with all applicable discovery obligations under the relevant provisions of the Federal Rules of Civil Procedure. As set forth in Rule 33:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, audits, abstracts, or summaries.

(Fed.R.Civ.P. 33(d).)

Here, this is precisely how APT responded. Defendants' interrogatories would require APT to conduct an examination and prepare a compilation of books already in both parties' possession. The burden of obtaining the information sought by Defendants would be substantially the same for all parties.[2] Accordingly, APT specified the records that must be reviewed (including portions of those records) sufficient to allow Defendants to conduct their own examination. Defendants' interrogatories are nothing but an attempt to have APT divulge its legal analysis with Defendants.

In an effort to distract from the entirety of APT's responses, Defendants pick and choose one or two objections or sentences from the responses and state that because these excerpts are allegedly inapplicable, the entire responses are somehow evasive or incomplete. APT does not intend to belabor to impropriety of this argument, as its responses speak for themselves. (See Declaration of John R. Fuchs ("Fuchs Decl."), ¶ 5, Exhibit 1.) APT painstakingly listed all portions of the subject works that it contends Defendants copied. However, not satisfied with the

---

[2] If anything, the burden would seemingly be less for Defendants given their position that Defendant Cawley is the author of the subject books and therefore would be in the best position to evaluate and identify copied portions.

4

OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. 90)
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1426235.01

1 level of detail of APT's responses, Defendants brought the instant Discovery Motion. Because
2 the detail insisted upon by Defendants would necessitate production of attorney work-product,
3 and further would require the preparation of a compilation, APT's responses are the fullest
4 available without encroaching on privileged information.

    **D.**  **Discovery Requests Concerning the Issue of "Access"**

6   Defendants' Discovery Motion fails to explain how APT's responses are inadequate.
7 Rather, Defendants attempt to argue the merits of what constitutes "access" under copyright law
8 and then go on to claim that APT has not proven that element. Defendants' arguments are better
9 suited for trial, particularly given that APT provided responsive information to theses
10 interrogatories, as well as produced responsive documents. Defendants' efforts to manufacture a
11 discovery dispute find no support in the law or the responses at issue.

    **E.**  **Defendants Misconstrue Portions of Deposition Testimony in Their Attempt to Manufacture a Discovery Issue**

14   In their motion Defendants misinterpret deposition testimony from APT's principals
15 concerning a "forensic analysis." This analysis was performed by APT's principals at the
16 direction of counsel and in anticipation of litigation. Defendants took this testimony to mean that
17 there was an expert report in existence that APT was holding off producing. This is not true, as
18 has been explained to Defendants' counsel Gail Gilfillan when Mr. Fuchs was suspended from
19 the practice months ago. APT believed this issue was over until the instant motion was filed.
20 Nevertheless, Defendants continue to demand production of information covered by the attorney-
21 client privilege and attorney work-product doctrine.

22   Regardless, expert reports of non-testifying experts, as well as draft reports of testifying
23 experts, are protected against disclosure. (FED.R.CIV.P. 26(b)(3), (b)(4)((B), (b)(4)(D).)
24 Propounding interrogatories asking for the content of purported expert reports alluded to in
25 deposition is tantamount to asking for disclosure of reports themselves. Defendants cannot
26 circumvent the statutory protection against disclosure of work-product simply by propounding
27 interrogatories seeking the content of those reports. Moreover, the date by which parties are to
28 disclose expert witness reports is December 16, 2011 (*see* ECF Doc. No. 88)—making

5

OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. 90)
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1426235.01

1  Defendants' Discovery Motion premature at best.  APT would be under no obligation to produce
2  the content of any such reports until that time.

3  **F.  Many of Defendants' Interrogatories are Nevertheless Impermissibly
4  Compound, Further Confirming the Appropriateness of APT's Responses**

5  Defendants also completely ignore the grossly compound nature of their interrogatories at
6  issue.  Almost every interrogatory seeks four or five separate pieces of information, improperly
7  compounded into a single interrogatory.  For example, Interrogatory No. 7 (quoted in Defendants'
8  motion), seeks (1) registration numbers, (2) page numbers, (3) a description of text and/or
9  graphics, and (4) "specific portions" of the works APT contends were infringed.  Despite the
10 compound nature of this request, APT nevertheless provided registration numbers and specific
11 portions alleged to have been infringed in its interrogatory responses.  APT is under no obligation
12 to create a compilation or report evidencing its attorney's work-product in order to allow
13 Defendants' unprotected insight into APT's specific litigation and trial preparation.

14 **III.  CONCLUSION**

15 For the foregoing reasons, APT respectfully submits that it has fully complied with its
16 discovery obligations and that Defendants are seeking the production of protected information in
17 instant Discovery Motion.  Accordingly, APT respectfully requests the Court deny Defendants'
18 motion.

20 DATED:  November 28, 2011          PROCOPIO, CORY, HARGREAVES &
                                      SAVITCH LLP

23                                    By:  *s/ John D. Alessio*
                                           John D. Alessio  john.alessio@procopio.com
24                                         Barry F. Soalt
                                           Ryan C. Caplan
25                                         Attorneys for Plaintiff,
                                           Applied Professional Training, Inc.

6
OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. 90)
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1426235.01