UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| APPLIED PROFESSIONAL TRAINING, INC., | CASE NO. 10cv1372 DMS (MDD) |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DETERMINATION OF DISCOVERY DISPUTE |
| vs. | |
| MIRA COSTA COLLEGE, et al., | [DOC. NO. 84] |
| Defendants. | |

Background

Plaintiff is a company engaged in the business of educational and technical training. Defendant Teleskills, LLC, d/b/a Ameri-Skills, is a competitor of Plaintiff alleged to have been created by former employees of Plaintiff. Plaintiff has alleged several causes of action against Defendants including copyright infringement, misappropriation of trade secrets and unfair competition. (Doc. No. 1). The allegations of copyright infringement pertain to certain course and reference books and materials alleged to be protected by copyright registrations. The allegations of trade secret misappropriation pertain to contact and sales databases and lists of customers, students, businesses, organizations, instructors and key contact persons and to student rosters and lists. The unfair competition claim relates to Defendants' acquisition and use of Plaintiff's copyrighted material and proprietary information in the marketplace. (Id.).

On November 2, 2011, Plaintiff filed the instant Motion for Determination for Discovery Dispute. (Doc. No. 84). Defendants filed their Memorandum in Opposition on November 29, 2011. (Doc. No. 100). The parties did not comply with this Court's Chambers Rules requiring the parties to meet and confer and, if unable to resolve their dispute, file a joint motion with the Court. The issue of non-compliance with Chambers Rules has been previously addressed by this Court. (Doc. No. 96).

Discussion

At issue are Requests for Production and Interrogatory responses in four categories:

1. Communications with Third Parties regarding Plaintiff;
2. Creation of Training Materials;
3. TELCOTRAINING (alleged to be Defendant Ameri-Skills' Arizona operation); and,
4. Corporate Structure of Defendant Ameri-Skills.

The disputed Requests for Production and Interrogatories will be addressed below by category.

### 1. Communications with Third Parties

At issue are Requests for Production 52 and 53 seeking documents reflecting communications about Plaintiff with any third parties. Defendants object in the "kitchen sink" style generally disfavored by the Federal Rules of Civil Procedure. *See, e.g.,* Rule 33(b)(4). The Court, therefore, will focus only on relevance and overbreadth. Plaintiff claims that these communications are relevant to claims of unfair business practices.

The Court finds the requests are overbroad as they do not pertain to the acquisition or use of Plaintiff's copyrighted materials or proprietary information. Defendants need not respond.

### 2. Creation of Training Materials

At issue are Requests for Production 54 and 55 seeking documents "evidencing" typographical or grammatical errors found in Defendant Ameri-Skills' training and course materials (#54) and in Plaintiff's training and course materials (#55) which can be found in the

1  public domain.  According to Plaintiff, Defendants assert that any common errors in Plaintiff's and
2  Defendants' materials are based upon source material found in the public domain.  Plaintiff is
3  seeking to require Defendants to identify that source material.  Defendants assert that any claims
4  related to these materials were previously resolved by the parties through June 11, 2009.
5  Defendants contend that to the extent the Requests seek documents beyond that date, the request is
6  overbroad.
7       The Court finds that Defendants have asserted the source material for Plaintiff's and
8  Defendants' materials comes from the public domain.  (*See, e.g.,* Doc. No. 7 at 3).  To the extent
9  that Defendants have documents reflecting the location of these public domain documents, they
10 must produce it.  The District Court previously rejected Plaintiff's assertion that a release executed
11 in 2009 covered copyright infringement claims.  (Doc. No. 23 at 6).
12      3.  TELCOTRAINING
13      At issue are Requests for Production 56 through 75 and responses to Interrogatories 9
14 through 15.  Defendants resist discovery on the grounds: a) TELCOTRAINING is not a party; b)
15 the information sought is not relevant; and c) the June 2009 release bars disclosure.  Plaintiff
16 asserts that TELCOTRAINING is an alter-ego of Defendant Tele-Skills.
17      The Court agrees that TELCOTRAINING appears to be under the control of Defendants.
18 Consequently, regarding Requests for Production 56 through 75, the Court finds that Defendants
19 must produce the requested non-privileged documents in their custody, possession or subject to
20 their control.  Similarly, Defendants must respond to Interrogatories 9 through 15.
21      4.  Corporate Structure of Defendant Ameri-Skills
22      At issue are responses to Interrogatories 1, 2, 3, 4 and 8.  Defendants resist discovery on the
23 grounds that these questions were asked and answered by various deponents, calls for the
24 production of privileged attorney-client and attorney work product materials and calls for the
25 production of materials protected by California's right to privacy.
26      That various deponents may have answered these or similar questions is not grounds to
27 resist answering these Interrogatories.  In addition, the questions do not appear to require answers
28

that would disclose privileged information. And, considering that a protective order is in place in this case, California's privacy laws do not provide a basis not to produce relevant information. Defendants must respond.

Conclusion

To the extent required herein, Defendants are ORDERED to produce documents and respond to Interrogatories within thirty (30) days of the date of this Order.

IT IS SO ORDERED:

DATED: December 21, 2011

*[signature]*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge