# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MIRA COSTA COLLEGE, et al., <br><br> Defendants. | CASE NO. 10cv1372 DMS (MDD) <br><br> ORDER ON DEFENDANTS' MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: TRAINING MATERIALS <br><br> [DOC. NO. 90] |

Background

Plaintiff is a company engaged in the business of educational and technical training. Defendant Teleskills, LLC, d/b/a Ameri-Skills, is a competitor of Plaintiff alleged to have been created by former employees of Plaintiff. Plaintiff has alleged several causes of action against Defendants including copyright infringement, misappropriation of trade secrets and unfair competition. (Doc. No. 1). The allegations of copyright infringement pertain to certain course and reference books and materials alleged to be protected by copyright registrations. The allegations of trade secret misappropriation pertain to contact and sales databases and lists of customers, students, businesses, organizations, instructors and key contact persons and to student rosters and lists. The unfair competition claim relates to Defendants' acquisition and use of Plaintiff's copyrighted material and proprietary information in the marketplace. (Id.).

1    On November 15, 2011, Defendants filed the instant Motion for Determination for
2 Discovery Dispute.  (Doc. No. 90).  Plaintiff filed their Memorandum in Opposition on November
3 28, 2011.  (Doc. No. 98).  Defendants filed a reply on December 5, 2011.  (Doc. No. 103).  The
4 parties did not comply with this Court's Chambers Rules requiring that the parties meet and confer
5 and, if unable to resolve their dispute, file a joint motion with the Court.  The issue of non-
6 compliance with Chambers Rules previously has been addressed by this Court.  (Doc. No. 96).

                                        Discussion

8    At issue are responses to Interrogatories propounded by Defendants pertaining to Plaintiff's
9 allegations regarding misappropriation and use by Defendants of Plaintiff's copyrighted course
10 materials.  Interrogatories 1through 4 ask Plaintiff to identify with specificity the portions of its
11 copyrighted course materials Defendants are alleged to have copied, infringed, used and continue
12 to use to teach classes.  Interrogatories 7 through 9 cover the same ground but more broadly.  For
13 example, Interrogatory 7 asks Plaintiff to identify by registration number and page number the
14 particular text alleged to have been copied, distributed and infringed upon by Defendants.
15 Interrogatories 10 through 12 ask Plaintiff to identify facts and documents supporting Plaintiff's
16 claim that it is the original owner of the copyrighted materials.  Interrogatories 13 through 18 ask
17 Plaintiff to provide facts supporting Plaintiff's contention that particular Defendants had direct
18 access to Plaintiff's copyrighted materials.  Interrogatories 19 through 24 ask Plaintiff to identify
19 specific materials included and excluded in the registration of the various registered works alleged
20 to have been infringed by Defendants.

21    1.    Interrogatories 1 through 4 and 7 through 9

22    In response to these Interrogatories, Plaintiff identified 10 books or compilations and
23 answered that Defendants copied them with only minor changes.  Plaintiff claims that the works
24 were registered as compilations and were copied almost completely by Defendants.  Defendants
25 assert that this response is inadequate.  Plaintiff also claims that disclosing specific portions of the
26 registered works alleged to have been copied or used by Defendants is protected from disclosure as
27 attorney work-product.  In addition, relying upon Fed.R.Civ.P. 33(d), Plaintiff claims that to the

extent Defendants are asking Plaintiff to conduct a comparison of the relevant materials of Plaintiff and Defendants, the burden is the same for all parties and that all parties have access to the necessary materials.

Plaintiff's answer that the disclosed compilations were copied, distributed and used by Defendants in their entirety, but for some minor differences, is a sufficient response.  To the extent that Plaintiff has conducted a comparison of the materials at issue, it appears that Plaintiff is asserting that it was prepared in anticipation of litigation or for trial.  Fed.R.Civ.P. 26(b)(3) protects this information from discovery unless it is relevant and the party seeking disclosure "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  While clearly relevant, Defendants have not made the requisite showing.  No further responses are required.

2.	Interrogatories 10 through 12

These Interrogatories ask Plaintiff to identify facts and documents supporting Plaintiff's claim that it is the original owner of the copyrighted materials.  Plaintiff has responded that it has produced the materials along with the copyright registration certificates and the agreements with the employees and independent contractors who compiled the materials.

Neither Plaintiff nor Defendants provided briefing regarding the adequacy of these responses.  The responses appear sufficient.  Accordingly, no further responses are required.

3.	Interrogatories 13 through 18

These Interrogatories ask Plaintiff to provide facts supporting Plaintiff's contention that particular Defendants had direct access to Plaintiff's copyrighted materials.  Plaintiff responded by asserting its reliance on the presence of common typographical and grammatical errors in the materials it has copyrighted and the materials being used by Defendants.  Defendants assert that these answers are insufficient.

Plaintiff has answered adequately and, absent supplementation, will have to live with those answers at trial.  No further responses are required.

4. <u>Interrogatories 19 through 24</u>

These Interrogatories ask Plaintiff to identify specific materials included and excluded in the registration of the various registered works alleged to have been infringed by Defendants. Plaintiff has responded that the works at issue are compilations and, as such, Plaintiff has not sought independent copyright protection for any particular component that is otherwise the independent work of others. Defendant complains that this response is inadequate.

Neither party briefed the adequacy of these responses. The responses appear sufficient. No further responses are required.

## Conclusion

As provided herein, no further responses are required from Plaintiff regarding these Interrogatories.

IT IS SO ORDERED:

DATED: December 21, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge