1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   APPLIED PROFESSIONAL TRAINING,                  CASE NO. 10cv1372 DMS (MDD)
     INC.,
12                                                    ORDER ON DEFENDANTS'
                                   Plaintiff,         MOTION FOR DETERMINATION
13           vs.                                      OF DISCOVERY DISPUTE -
                                                      REQUESTS FOR PRODUCTION
14                                                    AND PROTECTIVE ORDER
     MIRA COSTA COLLEGE, et al.,
15                                                    [DOC. NO. 95]
                                   Defendants.
16          Before the Court is Defendants' Motion for Determination of Discovery Dispute filed on

17   November 18, 2011.  (Doc. No. 95).  Plaintiff filed an Opposition on December 2, 2011.  (Doc.

18   No. 102).  Defendants filed a Reply on December 5, 2011.  (Doc. No. 106).  The instant dispute

19   stems from Plaintiff's responses to certain Requests for Production.  Plaintiff declined to provide

20   substantive responses on the grounds that an appropriate response would require confidentiality

21   under the terms of the protective order governing this case.  At the time the responses to the

22   Requests were due, an Order to Show Cause hearing was pending regarding Defendants'

23   compliance with the protective order.  Plaintiff, in its responses, said that it would supplement its

24   responses once the issue of Defendants' continued compliance with the protective order was

25   resolved.  The Order to Show Cause was heard on November 8, 2011, and the Court's Order

26   Imposing Sanctions against certain Defendants was filed on November 9, 2011.  (Doc. Nos. 87,

27   89).

28

1    Plaintiff admits that it withheld substantive responses until after the hearing.  According to

2    Plaintiff, following the hearing, Plaintiff attempted to meet and confer with counsel to discuss its

3    responses.  Instead, according to Plaintiff, Defendants filed this Motion.   Plaintiff claims that it

4    has supplemented its responses.  Defendants claim that Plaintiff had no authority to unilaterally

5    decide not to respond properly to the Requests for Production.

6          This Motion also appears to contain a dispute, following supplementation, regarding the

7    adequacy of the responses to Requests for Production 37, 39 through 41 and 43 through 49.

8          The Court held that Defendants did intentionally violate the protective order in this case.

9    (Doc. No. 89).   Plaintiff's concern in withholding responses subject to the protective order was

10   well-founded.  Defendants are correct, however, that Plaintiff should have sought an order from the

11   Court extending the time to provide substantive responses.  Nonetheless, since responses have

12   been provided, the Court will take no further action in that regard.

13         As to the disputed responses to Requests for Production 37, 39 through 41 and 43 through

14   49, it appears that the parties did not meet and confer.  The meet and confer process could serve to

15   limit or clarify the Requests.  In this case, the process may have been valuable.  As it now stands,

16   however, the Court will decide the dispute based solely on the Request and response provided.

17         Request 37 seeks the production of all documents constituting or relating to all Plaintiff's

18   databases.  Plaintiff claims the request is overbroad.  Plaintiff is correct.  No response is required.

19         Requests for Production 39 through 41, 43 and 44 seek production of documents between

20   Plaintiff and students.  Plaintiff did not respond substantively due to the protective order dispute

21   but now appears to have responded.  Defendants have not identified any issues with the

22   supplemental responses.  No further responses are required.

23         Requests for Production 45 through 48 appear to call for documents regarding agreements

24   between Plaintiff and students regarding future training.  Plaintiff claims the requests are

25   unintelligible and vague.  Defendants provided no specific argument defending these requests.  The

26   Court agrees these requests are too vague to require a response.  No further responses are required.

27         Request for Production 49 seeks the production of any advertising by Plaintiff regarding the

28

1   availability of an Associate Degree.  Plaintiff claims the request calls for irrelevant material.

2   Defendants provided no specific argument in defense of the request.  The Court agrees the

3   information sought is not relevant to any claim or defense.  No further response is required.

4   IT IS SO ORDERED:

5   DATED: December 21, 2011

6

7   Hon. Mitchell D. Dembin

8   U.S. Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28