# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TELESKILLS, LLC, et al., <br><br> Defendants. | CASE NO. 10cv1372 DMS (MDD) <br><br> ORDER REQUIRING FEE REIMBURSEMENT FOR VIOLATION OF PROTECTIVE ORDER <br><br> [DOC. NO. 92] |

<u>Background</u>

On November 9, 2011, this Court issued an Order Imposing Sanctions upon Defendant Teleskills, LLC, Defendant Burt Price and their counsel, John R. Fuchs, Esq., following an Order to Show Cause hearing. (Doc. No. 89). The Order to Show Cause was predicated upon Plaintiff's allegation that these Defendants and counsel released information to third parties in violation of the protective order governing this case. Following the hearing, this Court found that these Defendants and counsel intentionally violated the protective order.

In summary, during a deposition, counsel for Plaintiff designated the transcript of the deposition as confidential pursuant to the protective order. Having done so, the protective order required the Defendants to maintain confidentiality or to challenge the designation before this Court. These Defendants and counsel did not challenge the designation and released information

1 | from the deposition in a letter to one or more third parties. *Id.*

2 | In the Order Imposing Sanctions, this Court required Plaintiff to submit an appropriate
3 | application for reasonable fees and costs incurred to investigate, bring and litigate the Order to
4 | Show Cause. Plaintiff filed its application on November 16, 2011. (Doc. No. 92). Defendants
5 | filed their Opposition on November 23, 2011. (Doc. No. 97). Plaintiff seeks a total of $20,140 in
6 | reimbursement of fees incurred in connection with the Order to Show Cause. Defendants and
7 | counsel counter that no more than $4000 is reasonable.

8 | <u>Discussion</u>

9 | Defendants and counsel challenge the amount of fees incurred claiming that:

10 | 1. Their violation was procedural;
11 | 2. Most of the relief sought by Plaintiff was denied; and,
12 | 3. The amount expended was not reasonable.

13 | To the extent that Defendants and counsel rely on the procedural nature of their violation to
14 | reduce the amount of fees to be reimbursed to Plaintiff, their reliance is misplaced. Defendants
15 | and counsel continue to minimize the seriousness of their violation of the protective order. They
16 | belittle their violation as merely procedural and assert that there has been no ruling on whether
17 | Plaintiff's designation of the deposition as confidential was appropriate. Defendants and counsel
18 | are correct that there has been no ruling on the appropriateness of the designation. The reason that
19 | no ruling was obtained was because it was incumbent upon Defendants to bring the matter before
20 | the Court as required by the protective order. This procedural violation – failing to follow the
21 | terms of the protective order either by respecting Plaintiff's designation or challenging it –
22 | precluded any hearing on the merits of Plaintiff's designation of confidentiality. For Defendants
23 | and counsel to rely on the absence of a finding that Plaintiff's designation was warranted is
24 | disingenuous at best.

25 | Defendants and counsel also are correct that Plaintiff sought relief beyond reimbursement
26 | of costs and fees. This Court's decision to limit the sanctions for this violation to cost and fee
27 | reimbursement provides no basis to reduce the reimbursement. Defendants and counsel did not
28 |

prevail; this Court determined the appropriate sanction and, as Defendants and counsel will recall, reminded them that any further violation of an Order of this Court may result in a recommendation for terminating sanctions.

Defendants' and counsel's argument that the amount sought is excessive is on firmer ground. The Court does not doubt that the time expended and billing rate reported by Plaintiff is accurate. Upon review, however, the Court finds that with greater focus Plaintiff could have investigated and brought its motion forward in half of the time. The Court finds that 24 hours by Plaintiff's lead counsel and 14 hours by the assigned law clerk at a blended rate of $235 per hour (averaging counsel's rate of $370/hour and the clerk's rate of $100/hour) is appropriate. The result is a fee reimbursement to Plaintiff of $8930.

## Conclusion

Defendant Teleskills, LLC, Defendant Burt Price and John R. Fuchs, Esquire, jointly and severally, are ordered to pay the sum of $8930 to Plaintiff in reimbursement of fees incurred in investigating, bringing and litigating the Order to Show Cause. Payment is due no later than thirty (30) days following the date of this Order.

IT IS SO ORDERED:

DATED: December 21, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge