# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MIRA COSTA COLLEGE, et al., <br><br> Defendants. | CASE NO. 10cv1372 DMS (MDD) <br><br> ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - DEPOSITION OF JANIS AYDELOTT <br><br> [DOC. NO. 121] |

   Before the Court is another Joint Motion for Determination of Discovery Dispute filed on January 3, 2012. (Doc. No. 121). Plaintiff claims to have noticed the deposition of Janis Aydelott, a former Defendant in this case, and to have served a deposition subpoena upon her counsel for a deposition to occur on December 22, 2011. Counsel for Ms. Aydelott also represents all defendants in this case. Ms. Aydelott and counsel did not appear. Counsel for Ms. Aydelott asserts that the deposition notice was faulty and that he was not authorized to accept service of the subpoena by Ms. Aydelott. According to Plaintiff, Ms. Aydelott's counsel accepted service of a subpoena *duces tecum* issued to Ms. Aydelott in September 2011. Plaintiff asserts that the instant subpoena was served upon counsel on November 22, 2011, and counsel did not advise that he was without authority to accept it until counsel filed a motion for a protective order regarding a number of depositions on December 9, 2011.

1         Ms. Aydelott's counsel is correct that the notice of deposition sent to the Defendants was faulty. It noticed Ms. Aydelott's deposition under Fed.R.Civ.P. 30(b)(6). Rule 30(b)(6), however, is the provision allowing for an entity to be named in a deposition notice or subpoena and requiring the entity to identify one or more persons to testify on behalf of the entity in identified topic areas. This Rule is not amenable to noticing individuals, only entities. Nevertheless, the notice to the Defendants did not require Defendants to do anything except to be on notice that the deposition was going to occur if they wanted to attend. The faulty notice here would not stand as a reason for Ms. Aydelott not to appear had she been properly served with a deposition subpoena.

          Based upon the declaration of Plaintiff's counsel, it appears that Ms. Aydelott authorized her attorney to accept service of the subpoena *duces tecum* served in September. Ms. Aydelott's counsel's declaration filed in this case does not address the September subpoena and is not clear regarding whether or when Ms. Aydelott granted and withdrew permission for counsel to accept service of subpoenas in connection with this litigation. The lack of clarity may be instructive.

          Attorneys have a duty, while zealously representing their client's interests within the bounds of the law, to cooperate in the management of federal civil lawsuits. This case would not be selected as an example of adversarial cooperation. The Court is of the firm view that there is an unacceptable amount of gamesmanship being played here.

          The Court will reopen the discovery period in this case, which otherwise has closed, to allow Plaintiff a reasonable time to obtain and serve a Rule 45 deposition upon Ms. Aydelott in the Northern District of California and to take her oral deposition. For what it is worth, the Court encourages counsel to resolve this particular dispute and have the deposition go forward without further court intervention here or in the Northern District. Unless otherwise agreed, or upon further order of the Court, this deposition is to be completed on or before January 31, 2012.

IT IS SO ORDERED:

DATED: January 9, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge