UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| APPLIED PROFESSIONAL TRAINING, INC.,<br><br>         Plaintiff,<br><br> vs.<br><br>MIRA COSTA COLLEGE, et al.,<br><br>         Defendants. | CASE NO. 10cv1372 DMS (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - WRITTEN DISCOVERY REGARDING TELESKILLS<br><br>[DOC. NO. 122] |
|---|---|

Before the Court is the third Joint Motion for Determination of Discovery Dispute filed on January 3, 2012. (Doc. No. 122). Plaintiff challenges Defendants' refusal to respond to certain interrogatories and requests for production. Defendants resist discovery primarily on grounds of relevance. The interrogatories and requests for production fit primarily within two categories: 1) Financial information from Defendant Teleskills regarding photovoltaic installer classes provided by it, Ameri-Skills and Telco Training; and, 2) Information regarding communications between any of these entities and Horizon Tuition Aid.

Background

Plaintiff is a company engaged in the business of educational and technical training. Defendant Teleskills, LLC, d/b/a Ameri-Skills, is a competitor of Plaintiff alleged to have been created by former employees of Plaintiff. Plaintiff has alleged several causes of action against

1  Defendants including copyright infringement, misappropriation of trade secrets and unfair
2  competition. (Doc. No. 1).  The allegations of copyright infringement pertain to certain course and
3  reference books and materials alleged to be protected by copyright registrations.  The allegations of
4  trade secret misappropriation pertain to contact and sales databases and lists of customers,
5  students, businesses, organizations, instructors and key contact persons and to student rosters and
6  lists.  The unfair competition claim relates to Defendants' acquisition and use of Plaintiff's
7  copyrighted material and proprietary information in the marketplace.  (*Id.*).

Legal Standard

9       The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing
10 parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim
11 or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of
12 any matter relevant to the subject matter involved in the action." *Id*.  Relevant information for
13 discovery purposes includes any information "reasonably calculated to lead to the discovery of
14 admissible evidence," and need not be admissible at trial to be discoverable. *Id*. There is no
15 requirement that the information sought directly relate to a particular issue in the case. Rather,
16 relevance encompasses any matter that "bears on" or could reasonably lead to matter that could
17 bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437
18 U.S. 340, 354 (1978).  District courts have broad discretion to determine relevancy for discovery
19 purposes.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly, district courts have
20 broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or
21 duplicative, or can be obtained from some other source that is more convenient, less burdensome,
22 or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Limits also should be imposed where the burden
23 or expense outweighs the likely benefits. *Id*.
24       "An interrogatory may relate to any matter that may be inquired under Rule 26(b)." Fed. R.
25 Civ. P. 33(a)(2).  The responding party must answer each interrogatory by stating the appropriate
26 objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." *Id*. at
27 33(b). The responding party has the option in certain circumstances to answer an interrogatory by
28

specifying responsive records and making those records available to the interrogating party. *Id*. at 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id*. at 34(b). The responding party is responsible for all items in "the responding party's possession, custody, or control." *Id*. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995).

Discussion

1.   Financial Information Regarding Photovoltaic Installer Classes

In its Complaint, Plaintiff alleges copyright infringement claims regarding manuals for photovoltaic installation. Plaintiff is entitled to discovery regarding Defendants' acquisition and use of the allegedly infringing materials. It also is alleged that Defendants benefitted financially by using the infringing materials. Consequently, Plaintiff is entitled to discovery regarding the extent to which the sale or use of these materials brought a financial benefit to Defendants. Defendants' argument that information regarding Telco Training is irrelevant has been ruled upon previously and Defendants did not prevail. (*See* Doc. No. 112). Accordingly, Interrogatories 17 through 20 and requests for production 76 through 87 call for relevant information and a response is required.

Plaintiff's request that responsive information, if stored electronically, be produced in its native format is not unreasonable. It is not incumbent upon Defendants, however, to provide Plaintiff with any hardware and software needed to view the responsive data. Plaintiff either must accept the data in a common format, and Defendants must produce the data in that format, or Plaintiff will have to obtain the necessary licenses to view the data in native form.

//

### 2. Information regarding communications with Horizon Tuition Aid

Interrogatory 21 and requests for production 88 and 89 pertain to communications between Defendants and Horizon Tuition Aid. The relevance of this information is not apparent and Plaintiff did not mention it in its Memorandum in Support. To the extent that students received financial aid for classes being taught with the aid of allegedly infringing materials or were unlawfully solicited on grounds that their identities were trade secrets allegedly misappropriated by Defendants, it does not appear that communications with financial aid provider sheds any light on these claims. No further response is required.

### 3. Teleskills Structure

Interrogatory 22 requires Defendants to identify any and all names of any businesses operated by Defendant Teleskills, LLC and its officers, directors, managers, members and employees from inception to present. Defendants claim this interrogatory to be overbroad and irrelevant. Plaintiff counters that the discovery of another potentially infringing entity operated by Defendants, Telco Training, provides the basis to request whether any other such entities exist.

The Court finds the interrogatory to be overbroad. The Court will require a response to the extent of identifying any vocational training or vocational education business with which any allegedly infringing or allegedly misappropriated information was shared or used.

### Conclusion

To the extent that information is required to be produced by this Order, production must occur no later than January 31, 2012, absent agreement to the contrary or further Order of this Court.

IT IS SO ORDERED:

DATED: January 9, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge