# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| APPLIED PROFESSIONAL TRAINING, INC., | CASE NO. 10cv1372 DMS (MDD) |
|---|---|
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF JANIS AYDELOTT |
| vs. | |
| MIRA COSTA COLLEGE, et al., | [DOC. NO. 133] |
| Defendants. | |

Before the Court is the Plaintiff's Motion for Determination of Discovery Dispute filed on January 30, 2012. (Doc. No. 133). This is the second motion regarding Plaintiff's attempts to obtain the deposition of Janis Aydelott, a former defendant in this case. Ms. Aydelott was dismissed without prejudice from this case on September 21, 2011, on Plaintiff's motion, as a consequence of her filing for bankruptcy. (Doc. No. 70). Ms. Aydelott is represented by the same counsel as represents all remaining Defendants in this case. Ms. Aydelott responded to the instant motion, through her counsel, on February 1, 2012. (Doc. No. 135).

Previously, this Court reopened discovery, which had closed, to allow Plaintiff an opportunity to locate and serve Ms. Aydelott with a deposition subpoena under Fed.R.Civ.P. 45. The Court did so on the grounds that Plaintiff reasonably may have been confused regarding whether Ms. Aydelott's counsel would accept a subpoena on Ms. Aydelott's behalf. (Doc. No. 125). During the more than three weeks allotted by the Court for this purpose, Plaintiff was unable

1 to serve Ms. Aydelott despite exercising due diligence in attempting to locate and serve her.
2 Discovery again is closed and Plaintiff seeks additional relief.

3      Plaintiff has cited no authority to support the notion that this Court may compel Ms.
4 Aydelott, a non-party, to appear for deposition unless and until she lawfully is served with a
5 deposition subpoena. Plaintiff raises an issue, however, regarding Defendants' compliance with
6 Fed.R.Civ.P. 26 that bears on Ms. Aydelott.

7      According to Plaintiff, Defendants included Ms. Aydelott in their initial disclosures,
8 pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i), as an individual likely to have discoverable information
9 that Defendants may use to support their claims or defenses. That subsection requires that the
10 name of the person and, if known, the person's address and telephone number be disclosed.
11 Plaintiff asserts that the address provided in the initial disclosure was the address of Defendants'
12 (and Ms. Aydelott's) counsel. Plaintiff claims that Defendants are required, under Rule 26(e)(1),
13 either to supplement its disclosure and provide Ms. Aydelott's address or to accept service on her
14 behalf. In responding to the instant motion, counsel for Defendants and Ms. Aydelott did not
15 address the Rule 26 issue raised by Plaintiff.

16      The Court recognizes that counsel for Ms. Aydelott ethically may be bound not to provide
17 her address to Plaintiff. On the other hand, that same counsel, by virtue of his representation of the
18 remaining Defendants, has a legal obligation to supplement his Rule 26(a) disclosures. The failure
19 to supplement Rule 26(a) disclosures, in this case failing timely to update the address of a potential
20 witness, allows the Court, among other things, to preclude Defendants from using that witness
21 unless the failure is substantially justified or is harmless. *See* Rule 37(c)(1).

22      Counsel for Defendants and Ms. Aydellot cannot have it both ways – he cannot both shield
23 her from process and seek to use her as a witness. Counsel's ethical obligation to withhold Ms.
24 Aydellot's address may be in conflict with his obligations to his other clients, the remaining
25 Defendants. If Ms. Aydellot's testimony, by declaration or otherwise, is needed to support any of
26 Defendants' claims or defenses, counsel has placed himself between a rock and a hard place. The
27 competing interests of his clients -- Ms. Aydellot's interest in avoiding deposition and the
28

1  remaining Defendants' interest in having her testify in their case -- must be reconciled.

2  As matters now stand, this Court **ORDERS** that Defendants are **PRECLUDED** from using
3  the testimony of Ms. Aydellot in any hearing or trial of this case unless she is produced for
4  deposition by Plaintiff at a mutually agreeable time and place within ten (10) days of the date of
5  this Order.

6  IT IS SO ORDERED:

7  DATED: February 2, 2012

8
9  Hon. Mitchell D. Dembin
   U.S. Magistrate Judge