# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., a California corporation,<br><br>                                            Plaintiff,<br><br>    vs.<br><br>MIRA COSTA COLLEGE, entity unknown, TELESKILLS, LLC, dba AMERI-SKILLS, a California corporation, BURT PRICE, an individual, THOMAS CAWLEY, an individual, XAVIER URIBE, an individual, MARA GLENN, an individual, JANIS AYDELOTT, an individual, and DOES 1 through 50, inclusive,<br><br>                                            Defendants. | CASE NO. 10cv1372 DMS (MDD)<br><br>**ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE ON PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM**<br><br>**[Docket No. 128]** |

This matter comes before the Court on Defendants' motion *in limine* to exclude all evidence on Plaintiff's copyright infringement claim. Plaintiff filed an opposition to the motion, and Defendants filed a reply.

Defendants move to exclude all evidence on Plaintiff's copyright infringement claim on two grounds. First, they argue this evidence should be excluded because Plaintiff failed to produce the Study Guides it filed with the Copyright Office. Second, Defendants assert this evidence should be

/ / /

/ / /

excluded because Plaintiff failed to identify the specific portions of its Study Guides that are entitled to copyright protection.

Although Defendants describe their motion as a motion *in limine* to exclude evidence, the relief they seek goes beyond the mere exclusion of evidence. Rather, Defendants seek to bar Plaintiff from continuing its prosecution of this claim (Defendants "submit that Plaintiff Applied Professional Training, Inc. is barred from prosecuting its copyright infringement claim ...") (Mot. at 11), and request judgment as a matter of law in their favor. In either case, however, Defendants are not entitled to the relief they seek. To the extent Defendants seek to exclude evidence on evidentiary grounds, they have not identified the particular evidence they seek to exclude or the reasons that evidence is inadmissible. If Plaintiff seeks to introduce evidence on the issues of "originality and creativity" that was not previously produced in discovery, (Reply at 10), the Court will rule on that matter at the time of trial. Likewise, to the extent Defendants seek summary judgment on Plaintiff's copyright infringement claim, they have failed to demonstrate the absence of a genuine issue of material fact or that they are entitled to judgment as a matter of law. For these reasons, Defendants' motion is denied.

**IT IS SO ORDERED**.

DATED: April 25, 2012

_____
HON. DANA M. SABRAW
United States District Judge