John D. Alessio (Bar No. 174900)
Barry F. Soalt (Bar No. 171651)
Ryan C. Caplan (Bar No. 253037)
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
525 B Street, Suite 2200
San Diego, California  92101
Telephone:   619.238.1900
Facsimile:   619.235.0398

Attorneys for Plaintiff,
APPLIED PROFESSIONAL TRAINING, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>MIRA COSTA COLLEGE, entity unknown; TELESKILLS, LLC, d/b/a AMERI-SKILLS, a California corporation; BURT PRICE, an individual; THOMAS CAWLEY, an individual; XAVIER URIBE, an individual; MARA GLENN, an individual; JANIS AYDELOTT, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 3:10-cv-01372 DMS (MDD)<br><br>**_REPLY_ TO OPPOSITION TO _EX PARTE_ MOTION OF PLAINTIFF APPLIED PROFESSIONAL TRAINING TO CONTINUE PRODUCTION OF SUPPLEMENTAL EXPERT REPORT DUE TO DEFENDANTS' FAILURE TO COMPLY WITH DISCOVERY PURSUANT TO THIS COURT'S APRIL 26, 2012 ORDER (Doc. No. 160)**<br><br>Crtrm:       10<br>Judge:       Hon. Dana M. Sabraw<br>Magistrate:  Hon. Mitchell D. Dembin<br><br>Complaint Filed:  June 29, 2010<br>Trial Date:            June 18, 2012 |

Plaintiff APPLIED PROFESSIONAL TRAINING, INC. ("APT" or "Plaintiff") respectfully submits the following Reply in support of its *Ex Parte* Motion to Continue Production of Supplemental Expert Reports due to the failure of Defendants TELESKILLS, LLC, d/b/a Ameri-Skills ("TeleSkills"), BURT PRICE, THOMAS CAWLEY, XAVIER URIBE, and MARA GLENN (collectively, "Defendants") to Comply with Discovery Pursuant to this Court's April 26, 2012 Order (ECF Doc. No. 160).

## I. **INTRODUCTION**

APT has been in the industry and operating its own business for almost twenty (20) years. During approximately ten (10) of those years, the individual Defendants were working for APT. (*See* Opposition, Price Decl. ¶ 7.) With regard to this industry, Defendants have learned what they know from APT. APT has no interest in finding out information on how Defendants operate their business; it is simply interested in getting to the truth on what they stole.

Defendants are withholding information and documents under the guise that they need to do so to protect their own proprietary information. This is a common objection in these types of cases but must be overruled based on the overriding public policy for open discovery in litigation. Recognizing this tension in these cases, the legislature has created Federal Rule of Civil Procedure, Rule 26(c)(G) allowing protective orders to guide discovery of trade secret, confidential and commercial information. (FED.R.CIV.PROC. 26(c)(1)(G).) Despite Defendants' adamant objection to a protective order (initially taking the position in this lawsuit that there is nothing confidential or trade secret that is at issue) the Court ordered a protective order as prepared and submitted by APT. (*See* ECF Doc. Nos. 48, 50-51.) The protective order was put in place to protect all parties and allows for an "attorneys eyes only" designation if there is information a party believes is particularly sensitive, private and confidential. Defendants are aware this protection is in place but they continue to make this objection leaving APT to guess, still two years into this case, if they are really getting all the information. As to the items at issue here, we know they are being withheld. With regard to these documents, APT cannot simply move on as it has in the past.

## II. APT HAS REQUESTED, AND DEFENDANTS CONTINUE TO REFUSE TO PRODUCE, RELEVANT INFORMATION

APT has a right to meaningful detail on Defendants' finances and their student intake. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. (FED.R.CIV.PROC. 26(b)(1).) There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. (*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978).)

### A. Defendants' Obstruction is Pervasive and Unprecedented

In the approximate eighteen (18) years APT's counsel has practiced law, this is the first time a defendant's own expert economist has [REDACTED] due to the express recognition that " [REDACTED] " (*See* Supplemental Declaration of John D. Alessio ("Alessio Supp. Decl."), ¶ 3, Exh. A.) Defendants' practice since the outset of this matter has been to block discovery and thereafter attempt to bring dispositive motions claiming lack of evidence.[1] This cannot be tolerated any longer.

When APT was finally able to take Defendants' Rule 30(b)(6) designee on finances in February of 2012 he testified the documents they have that support their financials and student intake giving rise to their revenues are limited to 1099's, bank statements and student

---

[1] Recall, nine (9) days before APT was scheduled to take Defendants' Rule 30(b)(6) depositions on June 1 and 3, 2011, Defendants cancelled the depositions and asked they be continued for approximately 30 days claiming their counsel had an out-of-town vacation and medical issues thereafter. APT accommodated that request and days after the depositions were vacated and reset, Defendants filed a motion for summary adjudication claiming lack of evidence with a hearing date before the newly set deposition dates.

Recall, Defendants' motion to preclude APT's expert economist claiming lack of substance in the opinions that led to the Court order demanding Defendants produce documents prompting this motion.

3

enrollment/sign-in sheets. Defendants have been in operation for at least three years and APT requested information for five years, to the extent it is available.

### B. Defendants' Limited Production Has Been Woefully Deficient

#### 1. Financial Documents

*The Financials and Tax Returns*: Defendants claim to have produced all of their tax returns and financials (i.e., profit and loss statements, general ledgers, etc.). APT understands it must accept that and Defendants will have to stand by those documents, and no more, at trial. The real concern is with respect to the items Defendants objected to despite the Court order and clear testimony that they are source documents.

*Bank Statements and 1099's*: Defendants have produced bank statements in support of their Opposition;[2] however, Defendants fail to produce complete statements for both accounts, and the production is arbitrarily redacted. Despite the fact that there is a strong protective order in place, defendant Burt Price declares that he decided to "personally redact" the bank statements and transaction detail. (*See* Opposition, Price Decl., at 4:22-27.) Defendants feel they can arbitrarily decide what is a "relevant and necessary" to APT's case when it comes to discovery in this matter, even in the face of a Court order to produce. (*See* Fuchs Decl. ¶ 4.) Defendants' Rule 30(b)(6) designee testified ████████████████████████████████████████████████████████████████████. APT must be able to at least review those documents for a number of reasons, which include without limitation, (a) to verify the financials/tax returns and support the figures set forth therein; (b) to verify the special interrogatory responses setting forth the "specific breakdown of revenue per student in each class, the number of students per class, and the gross revenue for each class" (*see* Price Decl. at 4:28 - 5:1);[3] (c) to support or reject any expense deduction arguments Defendants may make under the Copyright Act or otherwise; and (d) to verify "a specific breakdown of

---

[2] Defendants claim to have produced these statements on May 9, 2012; however, APT only received the 15 pages indicated. Curiously, Defendants not only failed to verify the response but also failed to bates stamp the documents that were produced, leaving the door open for an argument of confusion on this point. APT will not belabor this point.

[3] During the February Rule 30(b)(6) deposition, Defendant admitted ████████████ ████████. (Alessio Supp. Decl., ¶ 5; Exh. C.) See next section re Student Sign-In Sheets.

1  Ameri-Skills' advertising expenses" that was prepared by Defendants for this litigation (*see* Price
2  Decl. at 5:3-4.)
3      *The "Other" Bank Account*: Furthermore, a review of the documents subpoenaed from
4  the accountant shows Defendants had a separate bank account entitled "Cawley, Uribe, Price dba
5  MCCAE." None of these bank statements were produced by Defendants. (*See* Alessio Supp.
6  Decl. ¶ 4 Exh. B [MCCAE bank statement].) All of the bank statements with detail must be
7  produced, not just one of their business accounts.

   **2.   Student Sign-In/Enrollment Documents**

9      Defendants created lists of students who have taken their courses for purposes of this
10 litigation. When asked what source documents they used to create those lists, they responded
11 that they reviewed the student sign-in/enrollment forms which they have in a box. Despite
12 multiple requests, these critical source documents have been withheld. These documents are
13 clearly relevant, not to mention documents that could reasonably lead to matter that could "bear
14 on" any issue that is or may be presented in the case. (*Oppenheimer Fund, Inc.*, 437 U.S. at 354.)
15 These are likely the most important documents in the case and APT is astonished they were not
16 produced with the final pretrial disclosures and in response the demand prompted by Court order.
17     At a minimum these documents are necessary, among other reasons, to (a) help verify the
18 truth and accuracy behind lists created by Defendants for this litigation; (b) help verify the
19 interrogatory responses setting forth the number of students who have attended the respective
20 classes; and (c) assist in verifying when, where, and possibly how the students came to find out
21 about TeleSkills. These documents not only "bear on" the substantive claims, but they also assist
22 greatly with a "head-start" damages model and unjust enrichment. The student count per class
23 and how that trended over time is very important. This information cannot be gleaned from a
24 simple list of (supposedly) all students who have attended TeleSkills courses over the years.
25     Everything is in question after the deposition in February of 2012. In Mr. Price's own
26 words:
27 [REDACTED]
28



(Alessio Supp. Decl., ¶ 5, Exh. C [TeleSkills 30(b)(6) deposition].)[4]

### III.   APT HAS MET ITS OBLIGATIONS

Contrary to the assertion set forth in Defendants' Opposition, APT *has* produced an expert report and a supplemental expert report on the dates set by this Court. As evident in their Opposition, Defendants (and their counsel) view their discovery obligations as not requiring any compliance unless ordered to do so by the Court, while simultaneously complaining about the number of motions APT has been forced to bring to obtain basic discovery. APT has been significantly handicapped and prejudiced by Defendants' gamesmanship, but it has nevertheless met its obligations as best it can. As to claimed falsehoods by APT and its counsel, John D. Alessio, APT submits that a simple review of the record in this matter and consultation with

---

[4] Rule 30(b)(6), Mr. Price deposition, p. 157:9-158:9. Mr. Price is not only *not* the most knowledgeable but he admits the sing-in sheets are the source documents and their interrogatory responses are not accurate.

Magistrates Judges Porter and Dembin, who have had the misfortune of shepherding this matter through discovery, will lead the Court to conclude otherwise.

## IV. CONCLUSION

APT requests this Court do any or all of the following: reorder a complete production of all documents set forth in the APT's demand for production of documents without objections or redactions and allow for another supplemental expert report; allow a jury instruction limiting Defendants ability to argue an expense or related deductions under the Copyright Act or Uniform Trade Secret Act damages formulas; allow a jury instruction specific to Defendants' wrongful withholding of evidence; allow for APT's reimbursement of fees on this motion; allow for a reasonable sanction to reimburse for the unnecessary expert costs of the start-and-stop analysis Defendants have created by their withholding and trickle-down evidence strategy; reconsider the motion for terminating sanctions; and other relief as the Court feels proper.

DATED: May 21, 2012

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: _s/ John D. Alessio_
John D. Alessio (john.alessio@procopio.com)
Barry F. Soalt
Ryan C. Caplan
Attorneys for Plaintiff,
Applied Professional Training, Inc.