### SP-07.  Misappropriation of Trade Secrets – Improper Solicitation

Instruction
No _____7_____

| | | | | | |
|---|---|---|---|---|---|
| Request by Plaintiff | | Request by Defendant | | Requested by | |
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
                                                                                            Judge

Instruction
No _____7_____

**It is unlawful to use a prior employer's trade secret information, including a customer list, to solicit customers of the prior employer.  Simple announcements of new employment do not constitute unlawful solicitation.  Rather, an unlawful solicitation is one where the sender personally petitions, importunes and entreats the customer to call him or her back to discuss and obtain their business.**

1. <u>Authority</u>:  *Am. Credit Indem. Co. v. Sacks*, 213 Cal.App.3d 622, 636-37 (1989) ("Sacks claims the March 7 letter merely announced a change of employment.  Although the letter begins as an announcement of her departure from ACI and affiliation with F&D, it soon assumes a different tone.  Sacks informs ACI's customers of the interesting competitive alternative F&D offers as compared to ACI's policies.  She invites their inquiry about the F&D policy and indicates she would be happy to discuss it in detail when they are ready to renew.  She personally petitions, importunes and entreats ACI's customers to call her at any time for information about the better policies F&D can provide and for assistance during the agent transition period.  [¶] Phrased in the terms used in the Aetna definition, Sacks is endeavoring to obtain their business.  Sacks, in a word, solicited.  Therefore, as a matter of law, Sacks's letter of March 7, 1988, constituted a solicitation."), and p. 638 ("ACI's customer list and related information falls within the UTSA definition of trade secrets because of the unique nature of the insurance and the product resistance which must be overcome before this type of insurance can be sold or renewed.  Also, ACI undertook reasonable efforts to maintain their secrecy.  Solicitation of those customers by Sacks constitutes a misappropriation of ACI's trade secret within the meaning of the UTSA.").

**SP-08 (or 3602(a)).  Conspiracy – Agent Immunity Rule Inapplicable**

Instruction
No ____8____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |

Instruction
No ____8____

**The agent immunity rule does not apply in cases where directors and officers of a corporation directly order, authorize, or participate in the tortious conduct**.

1. Authority:  "Under California law, … directors and officers of a corporation do not incur personal liability for the torts of the corporation 'unless they participate in the wrong or authorize or direct that it be done.'  *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 83 Cal.Rptr. 418, 423, 463 P.2d 770, 775 (1970).  See also *Frances T. v. Village Green Owners Ass'n*, 42 Cal.3d 490, 229 Cal.Rptr. 456, 463, 723 P.2d 573, 580 (1986); *Wyatt v. Union Mortgage Co*., 24 Cal.3d 773, 157 Cal.Rptr. 392, 399, 598 P.2d 45, 52 (1979).  'Personal liability, if otherwise justified, may rest upon a 'conspiracy' among the officers and directors to injure third parties through the corporation.'  *Wyatt*, 157 Cal.Rptr. at 399, 598 P.2d at 52."

   *Schwartz v. Pillsbury Inc.*, 969 F.2d 840, 843 (9th Cir. 1992)

**SP-09.  Copyright Infringement – Each Publication Gives Rise to New Claim**

Instruction
No _____9_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | _____ | |
| | | | | | Judge |

Instruction
No _____9_____

**With each and every publication of a copyrighted work there is a distinct harm giving rise to an independent claim for relief for copyright infringement**.

2.  <u>Authority</u>:  17 U.S.C. §§ 106 (1)-(3), 501 (2012); *Stone v. Williams*, 970 F.2d 1043, 1049-50 (2d Cir. 1993) ("[e]very act of infringement is a distinct harm giving rise to an independent claim for relief."); *see also*, *Kourtis v. Cameron*, 419 F.3d 989, 999 (9th Cir. 2005) *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 105-06 (1919) ("By publishing their advertisements, the defendant participated in their independent infringements.  In these circumstances we think the second publication of the illustration must be regarded as another and distinct case of infringement.").

## SP-10.  Copyright Infringement – Access Inferred

Instruction
No _____10_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | _____ | | | |
| | | | | Judge | |

Instruction
No _____10_____

Access can be inferred when the defendant actually assisted in authoring the work on which the plaintiff's claim of copyright infringement is based.

3. Authority:  *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 532-33 (5th Cir. 1994);  *Ganz Bros. Toys v. Midwest Importers of Cannon Falls, Inc.*, 834 F. Supp. 896, 901 (E.D. Va. 1993)

## SP-11.  Copyright Infringement – Inverse Ratio Rule

Instruction
No ___11___

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Instruction
No ___11___

**Substantial similarity is inextricably linked to the issue of access.  This is called the "inverse ratio rule."  In analyzing these issues together, if the evidence shows there was a high degree of access, a lower standard of proof for substantial similarity is required.  If there is an absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the infringing and copyrighted works are strikingly similar**.

1. <u>Authority</u>:  "Under our case law, substantial similarity is inextricably linked to the issue of access.  In what is known as the 'inverse ratio rule,' we 'require a lower standard of proof of substantial similarity when a high degree of access is shown.'  *Smith*, 84 F.3d at 1218 (citing *Shaw v. Lindheim*, 919 F.2d 1353, 1361-62 (9th Cir.1990); *Krofft*, 562 F.2d at 1172).  Furthermore, in the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar.'  *See Smith*, 84 F.3d at 1220; *Baxter v. MCA, Inc.*, 812 F.2d 421, 423, 424 n. 2 (9th Cir.1987)."  (*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Rice v. Fox Broadcasting Co.*, 330, F.3d 1170, 1178 (9th Cir.2003) (under the "inverse ratio rule," court requires a lower standard of proof of substantial similarity when a high degree of access is shown and "a prominent factor" in using inverse ratio analysis is a "concession of access by the defendant to the plaintiff's copyrighted work").)