John D. Alessio (Bar No. 174900)
Barry F. Soalt (Bar No. 171651)
Ryan C. Caplan (Bar No. 253037)
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, California  92101
Telephone:    619.238.1900
Facsimile:    619.235.0398

Attorneys for Plaintiff,
APPLIED PROFESSIONAL TRAINING, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., a California corporation,<br><br>         Plaintiff,<br><br>v.<br><br>MIRA COSTA COLLEGE, entity unknown; TELESKILLS, LLC, d/b/a AMERI-SKILLS, a California corporation; BURT PRICE, an individual; THOMAS CAWLEY, an individual; XAVIER URIBE, an individual; MARA GLENN, an individual; JANIS AYDELOTT, an individual; and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No.: 3:10-cv-01372 DMS (MDD)<br><br>**BRIEF RE: EXCLUDING TESTIMONY AND PORTIONS OF EXPERT REPORT FROM DEFENDANTS' EXPERT, DARYL MARTIN, REGARDING ISSUES BEYOND SCOPE OF RETENTION SET FORTH IN PRETRIAL REPORTS AND HEARSAY**<br><br>Crtrm:         10<br>Judge:         Hon. Dana M. Sabraw<br>Magistrate:  Hon. Mitchell D. Dembin<br><br>Complaint Filed:  June 29, 2010<br>Trial Date:            June 18, 2012 |

Plaintiff APPLIED PROFESSIONAL TRAINING, INC. ("APT" or "Plaintiff") respectfully submits the following Brief regarding excluding testimony and portions of expert reports by Defendants TELESKILLS, LLC, d/b/a Ameri-Skills ("TeleSkills"), BURT PRICE, THOMAS CAWLEY, XAVIER URIBE, and MARA GLENN (collectively, "Defendants")'s expert, Daryl Martin, opining on issues beyond the scope of Mr. Martin's expert retention as set forth in his expert reports, as well as on hearsay grounds.

I.  **INTRODUCTION**

Defendants have retained and designated Daryl Martin to "provide an opinion on the alleged damages incurred by APT passed upon its allegations of copyright infringement and trade secret misappropriation and/or misuse against AMERI-SKILLS during the relevant time frame."[1] Both expert reports submitted by Mr. Martin are prefaced with the following express recognition of the scope of testimony being offered:

> For the purposes of this report, it is assumed that liability will be established at trial. Therefore, this report serves as guidance to the Finder of Fact regarding damages claims under this assumption."

(Exhibit A [Expert Report of Daryl Martin dated December 16, 2011].)

> As with the initial IPmetrics Report, this analysis assumes that liability will be established at trial. Therefore, this report serves as guidance to the Finder of Fact regarding the damages claims under this assumption.

(Exhibit B [Expert Report of Daryl Martin dated June 13, 2012].)

Despite this clearly defined scope prefacing the reports, Mr. Martin goes on to include numerous statements in his reports addressing liability. As such, it appears that Mr. Martin intends to offer testimony beyond the scope of his retention as set forth in the reports. Additionally, Mr. Martin's reports contain many statements that are hearsay, and thus should not be admitted in this matter. APT brings the instant motion for an order (a) precluding Mr. Martin from testifying or opining on the issues of liability or any other issues other than APT's alleged damages, (b) redacting any statements contained within his reports addressing liability before

---

[1] Expert Report of Daryl Martin dated December 16, 2011, p. 2 (Exhibit A).

1
BRIEF RE: EXCLUDING EXPERT TESTIMONY AND REPORT BEYOND SCOPE OF RETENTION AND HEARSAY
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1520611.02

1  showing the reports to the jury, and (c) redacting all statements contained within the reports that
2  constitute hearsay before showing the reports to the jury.

3  II.  **STATEMENT OF PERTINENT FACTS**

4  On or about December 16, 2011, Defendants produced Mr. Martin's initial expert report,
5  which expressly states he has been retained to "provide an opinion on the alleged damages
6  incurred by APT passed upon its allegations of copyright infringement and trade secret
7  misappropriation and/or misuse against AMERI-SKILLS during the relevant time frame."
8  (Exhibit A, pg. 2.) After a number of discovery issues addressed by the Court, on or about June
9  13, 2012, Defendants produced Mr. Martin's Supplemental Expert Report. (Exhibit B.) Trial
10 commenced five days later, on June 18, 2012.

11 III. **EXPERT OPINIONS BEYOND THE SCOPE OF RETENTION AS SET FORTH**
12      **IN THE EXPERT REPORT ARE PROPERLY PROHIBITED**

13 As a general rule, an expert may not testify beyond the scope of his or her pretrial report.
14 (Fed.R.Civ.P. 37(c)(1); *Licciardi v. TIG Ins. Group*, 140 F.3d 357, 363-64.) This is because
15 expert testimony may be "complex and difficult for the lay person to readily understand[,]" and
16 thus the opponent "must be given sufficient time to overcome those obstacles." (*Malachinski, v.*
17 *C.I.R.*, 268 F.3d 497, 505 (7th Cir. 2001).) Where an expert report does not disclosed the expert
18 as a qualified expert to render opinions on additional areas, it is proper for the Court to sustain the
19 moving party's objection and limit the expert testimony to only those areas on which the expert
20 has been disclosed to provide expert opinion. (See, *Cotton ex rel. McClure v. City of Eureka,*
21 *Cal.*, 2012 WL 909669 (N.D. Cal. 2012) [where the defendant sought to have its expert accepted
22 as an expert on areas other than those designated in the expert report, the Court properly limited
23 the expert's testimony to those areas that were not "beyond the scope of his expert disclosure
24 report"].)

25 Here, Mr. Martin's report expressly designates his scope of retention as "to rebut and
26 provide an opinion on the alleged damages incurred by APT passed upon its allegations of
27 copyright infringement and trade secret misappropriation and/or misuse against AMERI-SKILLS
28 during the relevant time frame." (Exhibit A, p. 2.) Mr. Martin's reports further clarify that, for

2
BRIEF RE: EXCLUDING EXPERT TESTIMONY AND REPORT BEYOND SCOPE OF RETENTION AND HEARSAY
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1520611.02

1  the purposes of this retention, "it is assumed that liability will be established at trial" and that the

2  report is intended rather "as guidance to the Finder of Fact regarding the damages claimed under

3  this assumption." (Exhibit A, p. 2; *see also*, Exhibit B, p. 2.) However, the reports go on to

4  include numerous statements concerning liability, which is outside the scope of Mr. Martin's

5  designated retention.

6  In his initial report, Mr. Martin discusses the validity of APT's claim for statutory

7  damages rather than simply offer an opinion of what those damages should be. (*See* Exhibit A,

8  pp. 3-4, 11 (highlighted portions).) Additionally, Mr. Martin sets forth a recitation of "events"

9  detailing Defendants' defenses to liability rather than the basis of computing damages. (*See*

10  Exhibit A, pp. 6-8 (highlighted portions).) Because these portions of Mr. Martin's report are

11  beyond the scope of Mr. Martin's designated area, they should be redacted before being shown to

12  the jury, if at all.

13  Likewise, in his supplemental report, Mr. Martin discusses the validity of APT's trade

14  secret misappropriation claim in addition to offering his opinion as to the amount of APT's

15  alleged damages. (*See* Exhibit B, pp. 4, 14-16, and 21 (highlighted portions).) Whether APT

16  establishes liability on its trade secret misappropriation claim is beyond the scope of Mr. Martin's

17  designated area of expert testimony, and thus these portions of the report should be redacted prior

18  to being shown to the jury, if at all.

19  Finally, Mr. Martin should be excluded during trial from testifying or opining on these

20  identified areas or any other area other than "the alleged damages incurred by APT passed upon

21  its allegations of copyright infringement and trade secret misappropriation and/or misuse against

22  AMERI-SKILLS during the relevant time frame," premised on an assumption that liability has

23  been established, as expressly designed in both reports.

24  **IV.  MR. MARTIN'S EXPERT REPORT CONTAINS NUMEROUS HEARSAY**
25  **STATEMENTS THAT MUST BE REDACTED IF THE REPORTS ARE TO BE**
26  **SHOWN TO THE JURY**

27  In addition to the areas outside the scope of Mr. Martin's scope contained within the

28  reports, the reports also contain many statements based on hearsay that must be redacted if the

3
BRIEF RE: EXCLUDING EXPERT TESTIMONY AND REPORT BEYOND SCOPE OF RETENTION AND HEARSAY
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1520611.02

reports are to be shown to the jury.  Hearsay is an out-of-court statement offered by a party in evidence to prove the truth of the matter asserted.  (Fed.R.Evid. 801(a)-(c).)  Hearsay is not admissible unless provided by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.  (Fed.R.Evid. 802.)  Further, where facts contained in an expert opinion are otherwise inadmissible, they may by disclosed only if their probative value substantially outweighs their prejudicial effect.  (Fed.R.Evid. 703.)  Under this backdrop, courts have properly barred sections of expert reports that attempt to recite facts constituting inadmissible hearsay.  (*McDevitt v. Guenther*, 522 F.Supp.2d 1272, 1294 (D. Haw. 2007) ["to the extent that Kleintop's report simply recites facts that constitute inadmissible hearsay, those sections of the report are barred."].)

Here, Mr. Martin's initial report sets forth a recitation of "events" that is based almost entirely on hearsay, as confirmed by the source material cited in that report.  Pages 6 through 9 of the report contain Mr. Martin's "overview of the important events," which contains nineteen bullet points of events and corresponding source material.  (*See* Exhibit B, pp. 6-9 (highlighted portions).)  Of these "events," fourteen are sourced to declarations and pleadings of the Defendants, which are inadmissible hearsay.  (*See* Exhibit B, pp. 6-9, fns. 18-22, 27-30, 32-35, and 37 (highlighted portions).)  As such, these portions of the report must be barred and redacted prior to the report being shown to the jury, if at all.

Likewise, in Defendants' June 13, 2012 supplemental report, Mr. Martin references statements made to him by Mr. Price, a defendant in this action, as well as statements purportedly made to Mr. Price by fourteen (14) third party individuals.  (*See* Exhibit B, pp. 15-16 (highlighted portions).)  Again, these statements are expressly attributed to Mr. Price.  (Exhibit B, p. 16, fn. 18.)  These statements constitute both hearsay and double-hearsay, and thus are properly barred.  Accordingly, these portions of the supplemental report should be redacted prior to being shown to the jury, if at all.

4
BRIEF RE: EXCLUDING EXPERT TESTIMONY AND REPORT BEYOND SCOPE OF RETENTION AND HEARSAY
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1520611.02

V. **APT WOULD BE SEVERELY PREJUDICED IF MR. MARTIN WERE PERMITTED TO OPINE ON ISSUES OUTSIDE OF HIS RETENTION AND INTRODUCE HEARSAY STATEMENTS INTO EVIDENCE**

The above-mentioned portions of the expert reports are properly excluded as being inadmissible evidence. Additionally, the Court can also exclude the evidence on grounds that "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Fed.R.Evid. 403.) Because these identified portions of Mr. Martin's reports and likely testimony go beyond his designated scope, they are of little probative valued and APT would be unfairly prejudiced by their introduction at trial.

VI. **CONCLUSION**

Defendants' expert Mr. Martin expressly defines the scope of this retention as opining on the issue of damages—not liability—and thus any statements in his report and his testimony at trial must conform to that designation. Additionally, the expert reports contain numerous hearsay statements. Accordingly, APT respectfully requests that, to the extent the expert reports are to be shown to the jury, the Court orders all portions of the reports commenting on liability going beyond Mr. Martin's scope and containing hearsay statements to be redacted. APT further respectfully requests that the Court exclude Mr. Martin from offering testimony at trial outside the scope of his defined retention of APT's alleged damages.

DATED: June 27, 2012

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *s/ John D. Alessio*
John D. Alessio (john.alessio@procopio.com)
Barry F. Soalt
Ryan C. Caplan
Attorneys for Plaintiff,
Applied Professional Training, Inc.

5
BRIEF RE: EXCLUDING EXPERT TESTIMONY AND REPORT BEYOND SCOPE OF RETENTION AND HEARSAY
CASE NO: 3:10-CV-01372 DMS (MDD)

117153/000003/1520611.02