FUCHS & ASSOCIATES, INC.
JOHN R. FUCHS, ESQ.   (SBN 82032)
    jrfuchs@earthlink.net
GAIL S. GILFILLAN, ESQ.   (SBN 168884)
    ggilfil@hotmail.com
12100 Wilshire Boulevard, Suite M-50
Los Angeles, California 90025-7120
Telephone (310) 826-9700; FAX: (310) 826-9709

Attorneys for Defendants TELESKILLS, LLC, dba
AMERI-SKILLS, BURT PRICE, THOMAS CAWLEY,
XAVIER URIBE and MARA GLENN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED PROFESSIONAL TRAINING, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>MIRA COSTA COLLEGE, entity unknown, TELESKILLS. LLC, dba AMERI-SKILLS, a California Corporation, BURT PRICE, an individual, THOMAS CAWLEY, an individual, XAVIER URIBE, an individual, MARA GLENN, an individual, JANIS AYDELOTT, an individual, and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. '10 CV 1372 DMS MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANTS TELESKILLS, LLC, BURT PRICE, THOMAS CAWLEY, XAVIER URIBE AND MARA GLENN IN OPPOSITION TO THE UNTIMELY AND DISINGENUOUS EX PARTE MOTION DURING TRIAL BY PLAINTIFF APPLIED PROFESSIONAL TRAINING, INC. TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT DARYL MARTIN AND PORTIONS OF HIS EXPERT REPORTS**<br><br>Trial Date:   June 18, 2012<br>Time:         8:30 A.M.<br>Place:        Courtroom 10<br>              Edward J. Schwartz U.S.<br>              Courthouse<br>              940 Front Street<br>              San Diego, CA   92101<br><br>Complaint Filed on June 29, 2010<br><br>Assigned to Honorable Dana M. Sabraw, Courtroom 10 |

1

# I

## INTRODUCTION AND SUMMARY OF THE RELEVANT FACTS

In yet another desperate, disingenuous, untimely, improper and hugely hypocritical effort to block the truth from this jury, just as they have blocked Exhibits DS and DT from going to this jury, Plaintiff Applied Professional Training, Inc. ("APT") and its counsel, John Alessio ("Alessio"), have filed an Ex Parte Motion seeking to exclude testimony by Defendants' expert, Daryl Martin ("Martin"), and to exclude portions of his two report (the "Reports"), on two grounds.

First, APT and Alessio assert that Martin's report and his anticipated testimony goes beyond the scope of his retention. Second, APT and Alessio assert that portions of Martin's Reports contain hearsay that must be redacted if Martin's Reports are allowed to go to the jury. Once again, however, APT and Alessio are simply wrong on both counts.

The response of Defendants TeleSkills, LLC, dba Ameri-Skills ("Ameri-Skills") and Defendants Burt Price, Thomas Cawley, Xavier Uribe and Mara Glenn ("Defendants"), is five-fold. First, this motion is clearly untimely, because the first of Martin's Reports was served <u>last December</u> and the Supplemental Report was served more than two weeks ago. Thus, APT and Alessio have known of the contents of Martin's Reports and the basis of his anticipated testimony for more than six months in the case of the first Report and more than two weeks in the case of the second Report. As to the first report, APT and Alessio has six months to take Martin's deposition. This Court can therefore deny this motion in its entirety as unreasonably and incredibly untimely.

Second, and perhaps most disingenuously and hypocritically, and as yet another example of APT's and Alessio's now well-established tactics of sand-bagging and trial by ambush, this motion to exclude testimony and portions of Martin's Reports, was filed mere hours after APT and Alessio suddenly produced at trial, <u>a new supplemental report by their expert, Dr. Patrick Kennedy ("Kennedy"), containing new opinions, at the very moment he took the stand</u>. Defendants' counsel, John R. Fuchs ("Fuchs"), immediately and vehemently objected to this new supplemental report and moved to strike Kennedy's testimony. Alessio responded by falsely stating that there were no new opinions in Kennedy's supplemental report, when there clearly were new opinions, and based thereon, at least in part, Defendants' Motion to Strike Kennedy's testimony was denied.

FUCHS & ASSOCIATES, INC.
12100 WILSHIRE BOULEVARD
SUITE M-50
LOS ANGELES, CALIFORNIA 90025-7120
(310) 826-9700; FAX: (310) 826-9709

Obviously, Alessio absolutely knew before Kennedy took the stand, that he would be filing this motion to exclude Martin's testimony, and he also absolutely knew that filing this motion <u>before</u> Kennedy took the stand, would cause the Court to either deny this motion and Defendants' Motion to Strike, or to grant both motions. Thus, Alessio waited until mere hours <u>after</u> Kennedy's testimony had already been presented to the jury, to file this motion, in yet another effort to prevent the jury from hearing the truth. For that reason as well, this motion can be denied.

Third, in what is perhaps most hypocritical about this motion, APT and Alessio argue that Martin should not be allowed to testify about facts and allegations in APT's pleadings and motions, <u>after Kennedy has already testified about what is in APT's pleadings and motions</u>! Therefore, for a third separate reason, without ever getting to the substance of the motion, this untimely, disingenuous, hypocritical and completely improper ex parte motion to exclude Defendants' expert testimony, can be, and should be, denied without further consideration.

Fourth, turning to the substance of this untimely and disingenuous motion, APT and Alessio are absolutely wrong in seeking to restrict Martin to testimony to solely the damage issues, even though Kennedy was not so limited. In making that effort, APT and Alessio have once again made an <u>intentional misrepresentation to this Court</u>, by claiming that the scope of Martin's retention was solely on the damage issues.

In fact, the Revised Supplemental Expert Witness Disclosures served in July 2011, nearly an entire year ago, state the scope of his retention, as follows:

> **"Mr. Martin is expected to testify an all aspects of the copyright infringement claims, the trade secret claims and the alleged statutory and actual damages being sought by Plaintiff Applied Professional Training, Inc. ("APT").**
>
> **The areas on APT's claim for copyright infringement on which Mr. Martin is expected to testify will include, *inter alia*, whether APT has a valid copyright in the works at issue, whether APT infringed copyrights belonging to others in the preparation, publication and distribution of the works at issue here, whether one or more of the Defendants in fact infringed the copyrights allegedly belonging to APT, whether APT is entitled to seek statutory damages**

for the alleged infringement, whether APT is entitled to seek attorneys fees for the alleged infringement, whether APT has suffered or incurred actual damages as a result of the infringement and whether APT is entitled to recover its claimed actual damages from one or more of the Defendants on its claim for copyright infringement.

The areas on APT's claims for alleged misappropriation of trade secrets on which Mr. Martin is expected to testify will include, *inter alia*, whether the information claimed by APT to constitute trade secrets of APT, does in fact qualify as trade secrets, whether such claimed trade secrets are entitled to protection as trade secrets, whether APT has suffered or incurred actual damages as a result of the alleged misappropriation of trade secrets, and whether APT is entitled to recover its claimed actual damages from one or more of the Defendants, on its claims for misappropriation of trade secrets.

In addition, Mr. Martin is also expected to rebut all expert testimony by experts testifying on behalf of APT, on the issues of copyright infringement, misappropriation of trade secrets and statutory and actual damages, including without limitation the basis for and calculation of APT's claimed damages."

See Exhibit A attached hereto.

Thus, the initial disclosure made nearly a year ago set forth that Martin would testify on copyright issues, trade secret issues and damage issues.

Moreover, Martin's second report states:

"This second report serves to: 1) Rebut the opinions proffered in the Supplemental Report of Patrick F. Kennedy, Ph.D., dated May 16, 2012 (the "First Supplemental Kennedy Report") and his second Supplemental Report dated June 6, 2012 (the "Second Supplemental Kennedy Report"); and, 2) Provide an opinion on the alleged damages incurred by APT based upon its allegations of copyright infringement and trade secret misappropriation and/or misuse against AMERI-SKILLS during the relevant time frame."

4

DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S UNTIMELY EX PARTE MOTION TO EXCLUDE TESTIMONY BY DEFENDANTS' EXPERT, CASE SE NO. '10 CV 1372 DMS MDD

See Exhibit B to APT's motion, at p. 2 (page 5 of the exhibit), first full paragraph.

Ironically, in APT's motion, Alessio has highlighted the exact portion of Martin's second Report making this statement, and he has then intentionally misrepresented to this Court that the scope of Martin's retention <u>does not include the foregoing</u>. In addition, he has intentionally concealed from this Court that the Revised Supplemental Disclosure made in July 2011, clearly specified that Martin was expected to testify on copyright infringement issues, trade secret issues and damage issues. Thus, the portion of his Reports discussing these issues are clearly within the scope of his retention. For that reason as well, this motion should be denied.

Finally, in what may be the most unbelievable argument of all, Alessio asserts that Martin's Reports contain hearsay that should not be allowed to go to the jury. Apparently Alessio does not understand that <u>everything in both Reports is hearsay</u>, because neither of the experts was in Court listening to the evidence, and <u>every opinion offered by both experts is based on hearsay, because neither expert has any personal knowledge of the facts, events, statements, allegations and documents on which this entire case is based</u>. In fact, everything <u>any</u> expert in <u>any</u> case relies on is hearsay, unless they are designated as percipient experts, because everything a non-percipient expert relies on is an out-of-court statement. That is why these types of experts are referred to as <u>forensic</u> experts, meaning that they are experts who are retained after the commencement of litigation to examine and investigate the facts, events, statements, allegations and documents on which the entire case is based, for which they have been retained, and to render opinions based on that examination and investigation. Thus, the claim of hearsay by APT and Alessio is equally disingenuous.

5

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S UNTIMELY EX PARTE MOTION TO EXCLUDE TESTIMONY BY DEFENDANTS' EXPERT, CASE SE NO. '10 CV 1372 DMS MDD**

## II

## APT AND ALESSIO HAVE INTENTIONALLY MISREPRESENTED THE SCOPE OF MARTIN'S RETENTION

Alessio has asserted in this motion, albeit falsely, that Martin was retained by the Defendants solely to render an opinion on damages. In fact, the Revised Supplemental Expert Witness Disclosures served on APT in July 2011, nearly an entire year ago, state the scope of his retention, as follows:

> "Mr. Martin is expected to testify an all aspects of the copyright infringement claims, the trade secret claims and the alleged statutory and actual damages being sought by Plaintiff Applied Professional Training, Inc. ("APT").
>
> The areas on APT's claim for copyright infringement on which Mr. Martin is expected to testify will include, *inter alia*, whether APT has a valid copyright in the works at issue, whether APT infringed copyrights belonging to others in the preparation, publication and distribution of the works at issue here, whether one or more of the Defendants in fact infringed the copyrights allegedly belonging to APT, whether APT is entitled to seek statutory damages for the alleged infringement, whether APT is entitled to seek attorneys fees for the alleged infringement, whether APT has suffered or incurred actual damages as a result of the infringement and whether APT is entitled to recover its claimed actual damages from one or more of the Defendants on its claim for copyright infringement.
>
> The areas on APT's claims for alleged misappropriation of trade secrets on which Mr. Martin is expected to testify will include, *inter alia*, whether the information claimed by APT to constitute trade secrets of APT, does in fact qualify as trade secrets, whether such claimed trade secrets are entitled to protection as trade secrets, whether APT has suffered or incurred actual damages as a result of the alleged misappropriation of trade secrets, and whether APT is entitled to recover its claimed actual damages from one or more

DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S UNTIMELY EX PARTE MOTION TO EXCLUDE TESTIMONY BY DEFENDANTS' EXPERT, CASE SE NO. '10 CV 1372 DMS MDD

**of the Defendants, on its claims for misappropriation of trade secrets.**

**In addition, Mr. Martin is also expected to rebut all expert testimony by experts testifying on behalf of APT, on the issues of copyright infringement, misappropriation of trade secrets and statutory and actual damages, including without limitation the basis for and calculation of APT's claimed damages."**

See Exhibit A attached hereto.

Thus, the initial disclosure MADE nearly a year ago set forth that Martin would testify on copyright issues, trade secret issues and damage issues.

Moreover, Martin's second report states:

**"This second report serves to: 1) Rebut the opinions proffered in the Supplemental Report of Patrick F. Kennedy, Ph.D., dated May 16, 2012 (the "First Supplemental Kennedy Report") and his second Supplemental Report dated June 6, 2012 (the "Second Supplemental Kennedy Report"); and, 2) Provide an opinion on the alleged damages incurred by APT based upon its allegations of copyright infringement and trade secret misappropriation and/or misuse against AMERI-SKILLS during the relevant time frame."**

See Exhibit B to APT's motion, at p. 2 (page 5 of the exhibit), first full paragraph.

Ironically, Alessio has highlighted the exact portion of Martin's second Report making this statement, and he has then intentionally misrepresented to this Court that the scope of Martin's retention <u>does not include the foregoing</u>. In addition, he has intentionally concealed from this Court the Supplemental Revised Expert Disclosures from last July, when the scope of Martin's retention and expected testimony included copyright infringement issues, trade secret issues and damage issues. If Alessio has a problem with Martin's qualification on these other issues, he can cross-examine him on his qualifications. For that reason alone, this motion should be denied.

Moreover, this is once again an effort to prevent the jury from hearing relevant testimony, just as was done by Alessio in preventing the jury from seeing Exhibit DS, the document prepared by Michael Blume and a former employee of APT with notes demonstrating that at least 115 pages of Ameri-Skills' Study Guides are completely or substantially different from APT's Study Guides

7

DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S UNTIMELY EX PARTE MOTION TO EXCLUDE TESTIMONY BY DEFENDANTS' EXPERT, CASE SE NO. '10 CV 1372 DMS MDD

and with additional notes demonstrating that substantial portions of the material in the Ameri-Skills' Study Guide for Mira Costa College has been rearranged, thereby substantially undermining the only copyright claim at issue here, which is an effort by APT to assert a <u>compilation</u> copyright. Obviously, Alessio does not want the jury to see this document, or Exhibit DT, which is an actual copy of Ameri-Skills' Solar for Telecom Study Guide, because he knows that these two documents will be harmful to APT's case.

Now, in yet another effort to prevent the search for the truth, Alessio has intentionally misrepresented the scope of Martin's retention, so as to block his opinions that will be harmful to APT's case. Most ironically, Alessio makes this effort to block testimony that is a <u>stated part</u> of Martin's retention, after Alessio has led his expert, Kennedy, through a presentation that criticized Martin's opinions, which was <u>not</u> a stated part of Kennedy's retention. In other words, Alessio has intentionally presented testimony <u>outside of the scope of Kennedy's retention</u>, and he now wants to prevent Martin from presenting testimony that <u>is clearly WITHIN the scope of his retention</u>. The words disingenuous and hypocritical do not even come close to describing such an argument or such a tactic.

Accordingly, this part of APT's motion can be, and should be, denied, because Martin has clearly stated more than two weeks ago, the full scope of his retention.

### III

### THIS MOTION IS INCREDIBLY UNTIMELY

Martin's first report was served on December 16, 2011, more than six and a half months ago, and the parties <u>were ordered to file pre-trial motions on January 30th and motions in limine for hearing at the pre-trial conference on May 25th</u>. APT and Alessio failed to file any objection to Martin's first Report, knowing full well that one of the clear areas for defense experts is to refute and criticize the opinions of plaintiff's expert. However, APT and Alessio made no motion regarding Martin's first Report. In addition, Alessio had more than six months to take Martin's deposition as to the first Report, and he failed to do so. Again, Alessio failed to do so. Thus, any effort to

8

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S UNTIMELY EX PARTE MOTION TO EXCLUDE TESTIMONY BY DEFENDANTS' EXPERT, CASE SE NO. '10 CV 1372 DMS MDD**

preclude any portion of that Report must be denied as massively and unreasonably untimely.[1]

Martin's second Report was served to Alessio on June 13th. APT has had more than two weeks to object to any portion of that Report or Martin's anticipated testimony. While trial did start on June 18th, Alessio had five days before trial started to object to the second Report, he had another four days after the first three days of trial from June 18th to June 20th, to object to Martin's second Report and his anticipated testimony. Further, this motion could have been filed before Kennedy testified, so that the issues could be addressed as to <u>both</u> experts. Alternatively, Alessio could have taken Martin's deposition as to the second Report, at some point during one of the breaks between trial days and before July 2nd, when Martin is expected to testify.

Instead, Alessio waited until <u>after</u> his expert had presented testimony that was <u>not</u> within the scope of his report, and at 5:57 P.M. on Thursday, June 28th, knowing that at that very time, Fuchs was likely to be on the road driving back to Los Angeles, and knowing that the Court had scheduled a conference call regarding the jury instructions for Friday at 3:30 and knowing that Fuchs had previously agreed to provide an opinion on the attorney-client privilege waiver issue by Friday, June 29th, APT and Alessio filed this motion.

Accordingly, Defendants submit that this motion can be, and should be, denied as untimely and unreasonably disingenuous. It is yet another effort to drive up the legal fees in a case where the total fees now easily exceed any possible damage award that could be made here, by at least ten-fold, even assuming that APT and Alessio have presented sufficient evidence to support any of APT's claims for damages here.

---

[1] Defendants feel a need to remind this Court that belated and untimely arguments about documents are part and parcel of APT's and Alessio's sand-bagging tactics. The Court will recall a few days ago, that when the Defendants sought to utilize an APT document that had been produced in discovery 11 months previously, on August 3, 2011, and was extremely harmful to APT's case, Alessio immediately but belatedly claimed that this document was "work-product" that had been "inadvertently" produced and that the Court should deny the Defendants the right to even use that document to impeach Michael Blume. By so arguing, belatedly and falsely, APT has managed to prevent the admission of that document, Exhibit DS.

# IV

## EVERYTHING BOTH EXPERTS RELY ON IS HEARSAY

It is a fundamentally obvious truth that is apparently lost on Alessio in his tunnel vision efforts to prevent relevant evidence from being presented to the jury, if that evidence in any way undermines speculation and surmise on which the entirety of APT's case is based, <u>that everything every forensic effort relies on for his or her opinions is hearsay</u>, because no forensic expert ever has percipient knowledge of the facts, documents or allegations. They only know what they read and what they are told.

Thus, every single statement made by Kennedy from the witness stand was based on hearsay, and every single document on which Kennedy relied is hearsay, because everything is based on out-of court statements offered for the truth of the matter contained therein. Now, however, after Kennedy has testified based on hearsay and has formulated every one of his opinions based on hearsay, APT and Alessio seek to prevent Martin from doing the same. This motion is therefore, for yet another reason, disingenuous, hypocritical and entirely improper, and it can be denied for that reason.

Obviously, APT and Alessio would prefer it if the testimony of every witness presented by the Defendants was stricken and if every item of evidence offered by the Defendants was blocked from even being discussed at trial, because they know that the Defendants have substantial evidence refuting the claims that have been asserted by APT for two years, without sufficient supporting evidence. What happened to the search for the truth? It is obviously a casualty where one side is afraid of the truth. This Court cannot condone APT's and Alessio's efforts to tilt the playing field drastically in their favor, which is exactly what is sought by this motion. This motion can be, and should be, denied, for this reason as well.

# V
## THE REAL REASON FOR THIS MOTION IS BECAUSE OF ALESSIO'S POOR TIME MANAGEMENT

This Court made it absolutely clear at the pre-trial conference and on almost every day of trial, that each side is limited to 20 hours of time for Opening Statement, direct examination, cross-examination, jury instruction and Closing Argument. Because of poor time management, Alessio has only slightly more than two hours left. Assuming up to an hour for Alessio's Closing Argument and a half hour charged to APT for instructing the jury, Alessio has slightly more than half an hour left for cross-examination of Defendants' four more witnesses, Mike Hart from the CWA, Kenneth Rose, Michael Blume and Daryl Martin. Thus, the real reason for this motion is that Alessio likely has no more than 15 minutes to cross-examine Martin, and to avoid having it appear to the jury that he has no ability to challenge Martin's opinions, APT and Alessio had to file this motion in an effort to limit what may be difficult testimony for Alessio to challenge. This Court must recognize that this is the true purpose of this motion.

# VI
## CONCLUSION

For all of these reasons, this desperate, disingenuous, untimely, improper and hugely hypocritical effort to block the truth from this jury, that had to be filed because of Alessio's poor time management, can be, and should be denied.

DATED: June 29, 2012            **FUCHS & ASSOCIATES, INC.**

By: /s/ John R. Fuchs
Email: jrfuchs@earthlink.net
JOHN R. FUCHS
Attorneys for Defendants
TELESKILLS. LLC, dba AMERI-SKILLS,
BURT PRICE, THOMAS CAWLEY,
XAVIER URIBE and MARA GLENN

FUCHS & ASSOCIATES, INC.
12100 WILSHIRE BOULEVARD
SUITE M-50
LOS ANGELES, CALIFORNIA 90025-7120
(310) 826-9700; FAX: (310) 826-9709